### FREDERICK FRENETTE v. STATE OF FLORIDA

29 So. (2nd) 869
April 1, 1947
Rehearing Denied April 29, 1947

January Term, 1947
Division B

*Cushman & Woodard, L. J. Cushman* and *John D. Marsh,* for appellant.

*J. Tom Watson,* Attorney General and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant, having been indicted and tried for the crime of rape, was convicted of assault with intent to commit rape.

The record is sufficient to establish that the appellant assaulted his intended victim with intent to have sexual intercourse with her; that she resisted his efforts and advances until he struck her a blow which knocked her unconscious; that when she regained consciousness he was kneeling over her and the crotch of her panties had been ripped or torn out.

The record discloses error that would have been reversible had the verdict been guilty of rape. This was evidence admitted concerning the technical analysis of a smear taken from the vagina of the alleged victim. The smear analyzed was not sufficiently identified for the report of the analysis to be admissible in evidence and neither was the purported report sufficiently identified to become admissible. This, however, became an immaterial and harmless error because that evidence, had it been such as could have legally been admitted, only went to the matter of establishing penetration. The element of penetration was no longer a factor in the case when the jury by its verdict in effect acquitted appellant of rape by finding him guilty of assault with intent to commit rape and, therefore, the error became harmless because the verdict of the jury determined that there was not sufficient evidence to establish penetration. See Bowden v. State, 152 Fla. 715, 12 Sou. (2) 887.

Appellant contends that the judgment should be reversed because of unfounded and prejudicial statements made by the state's attorney in his closing argument to the jury. The record does show that some improper argument was used by the state's attorney. A prosecuting attorney should always confine his argument to facts which are established by the record or which may be reasonably inferred from the facts established, and when he goes beyond that range he takes the chance that he may thereby cause the necessity of the reversal or a favorable judgment.

In this case, however, the objectionable remarks and statements of the state's attorney were objected to by appellant's counsel and the court properly instructed the jury that no

consideration be given to such remarks. It is true that the court did not go as far as appellant's counsel would have had him go in reprimanding the state's attorney but we think that the action of the court in this regard was legally sufficient in view of the fact that under the showing made by the record here no jury could have justified a more lenient verdict than that which was returned by the jury in this case.

There is also a contention by the appellant that there is no proof that the appellant did not voluntarily desist before the consummation of his purpose, and without any outside influence, and that therefore the judgment should be reversed. He cites in support of this contention Rye. v. State, 153 Fla. 599, 15 Sou. (2) 255. The holding of that case in this regard has no fair application here. There we said: "Moreover, a conviction for such offense (meaning assault with intent to rape) will not be sustained where it appears that the assailant voluntarily desisted before the consummation, without any outside influence and with no unusual resistance on the female's part." (parenthesis supplied)

What eliminates this case from the rule there stated is that here the female did strenuously resist until she was knocked unconscious by her assailant.

The evidence amply supports the conviction of assault with intent to commit rape.

The judgment is affirmed.

THOMAS, C.J., ADAMS and BARNS, JJ., concur.