209 So.2d 464 (1968)
Kathleen W. PAUL, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-429.
District Court of Appeal of Florida. Third District.
April 16, 1968.
Rehearing Denied May 13, 1968.
Henry R. Carr and Michael H. Oritt, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Arthur L. Rothenberg, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The appellant was tried by jury and found guilty of the crime of grand larceny.
On this appeal from that judgment, she contends that the prosecuting attorney for the state committed reversible error in certain remarks made by him during his opening statement to the jury. The defendant moved for a mistrial after the remarks had been made and after the jury had been excused. A review of the alleged objectionable remarks indicates that they were insufficient to justify a mistrial. In addition, there was no request by the appellant that the jury be instructed to disregard the alleged objectionable remarks.
The prosecutor had advised the jury that the state would outline the testimony which it expected the jury to hear from the witnesses on the stand in order that they could "see what it expected to present in proving its case". The prosecuting attorney may outline the facts which he, in good faith, expects to prove and which are competent for him to prove. See 23A C.J.S. Criminal Law § 1085. See also Tyson v. State, 87 Fla. 392, 100 So. 254 (1924); Frenette v. State, 158 Fla. 675, 29 So.2d 869 (1947). No reversible error has been clearly demonstrated in this regard.
The appellant also seeks reversal on the grounds that the court failed to instruct the jury as to each and every element of the offense for which she was charged; to-wit, grand larceny.
*465 The record reflects that no objection was made by the appellant to the instructions which were given and that she failed to request any instructions whatsoever from the trial court judge. Under these circumstances we find that the trial judge did not commit reversible error in this regard. See Brown v. State, Fla. 1968, 206 So.2d 377; Rogers v. State, 158 Fla. 582, 30 So.2d 625 (1947); Grace v. State, Fla.App. 1968, 206 So.2d 225. We have considered the other points argued by the appellant for reversal and find them to be without merit.
The judgment and sentence herein appealed is, therefore,
Affirmed.