PEARSON, Judge.
James Gertman was charged by indictment with first degree murder. He was tried before a jury and found guilty of murder in the first degree with a recommendation of mercy. He was sentenced to life in prison at hard labor and is presently serving the sentence. Gertman is an indigent and he has brought this appeal with the aid of a Special Assistant Public Defender.
Although the indictment charged Gert-man with first degree murder by shooting the decedent with a pistol, as if Gertman had actually pulled the trigger, the case was tried from the very beginning as a felony-murder committed in the perpetration of a robbery as defined in § 782.04(l),[1] Fla. Stat., F.S.A. It was stipulated at the trial that the victim was shot and killed in the place alleged in the indictment. The only issues at trial were (1) whether a robbery was taking place at the time of the shooting, and (2) if there was a robbery, whether Gertman took part in it.
The substantial point raised on this appeal is: Did the trial court commit reversible error in failing to instruct the jury that it could under the facts of this case find the defendant not guilty of murder or manslaughter but still find him guilty of the offense of robbery? This issue must be clarified by adding that one of the facts of this case is that the defendant did not make either a written or oral request for an instruction that robbery was an offense necessarily included in the charge against him.
Defendant-appellant’s very lucid argument proceeds as follows: (1) robbery is a lesser offense necessarily included in the crime outlined in the quoted language of § 782.04(1); (2) the trial judge is required to instruct the jury as to all necessarily included lesser offenses and the jury may return a verdict as to such a lesser offense; (3) an indigent with court-appointed counsel does not waive his right to such an instruction by failing to request it at the time of trial.
The state in its argument in support of the judgment urges that appellant is precluded from raising the present point in this appeal because he did not ask for an appropriate jury instruction or object to the failure of the court to give such an instruction. For this conclusion the state relies upon Brown v. State, Fla., 1968, 206 *800 So.2d 377, and Paul v. State, Fla.App., 1968, 209 So.2d 464.
Brown v. State contains a comprehensive review and summation of the law of this state on the subject of lesser included offenses and related jury instructions. It begins by stating the classification to be considered as (1) crimes divisible into degrees; (2) attempts; (3) necessarily include offenses; (4) offenses which may be included. The court held that larceny was a necessarily included offense in the crime of robbery and that the trial judge should have given an instruction upon larceny. In so holding the court considered the further question of whether the defendant waived the lesser offense privilege by failing to submit a written requested instruction on larceny (defense counsel had “orally requested ‘a verdict form on larceny’”). The court held that the defendant had not waived the privilege because the record revealed that to have submitted the instruction would have been a useless gesture after the trial judge had announced he would not charge on larceny. But the court also held that under
iji >{c ‡
"* * * § 918.10, the failure to give an instruction is of no avail on appeal unless it is requested and improperly refused at the trial level. The provisions of § 914.14 and § 919.16, to the effect that the trial judge ‘shall’ charge the jury, must be applied in the light of the requirements of § 918.10 as construed by this Court. We discussed the problem at some length in Hand v. State, Fla., 1967, 199 So.2d 100, where we reached the same conclusion which we reach here. * * *” 206 So.2d at 384.
We think this passage settles the present case. From this record it is clear that there is no mitigating circumstance which could be said to withhold this case from the operation of the rule that if a particular instruction is desired it must be drafted and submitted to the trial judge. Appellant suggests that he is entitled to be excepted from the rule because he was represented by state supplied counsel. This would be contrary to the law. Cf. State v. Jones, Fla., 1967, 204 So.2d 515. The only exception to the general rule we are aware of is that stated in Brown. A defendant will be excused from submitting a particular formal written instruction if such submission “is obviously a useless gesture." 206 So.2d at 384.
We think Jerry v. State, Fla.App., 1968, 213 So.2d 440, a case involving an almost identical issue as the present case, reached the same conclusion we do here.
Affirmed.

. “The unlawful killing of a human being * * * when committed in the perpetration of any * * * fobbery * * * shall be murder in the first degree, and shall be punishable by death.”