227 So.2d 45 (1969)
Harry Joseph FITZGERALD, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-101.
District Court of Appeal of Florida. Third District.
October 14, 1969.
Essen & Essen, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL, and SWANN, JJ.
PEARSON, Chief Judge.
The appellant was adjudicated guilty after a jury trial in the Criminal Court of Record in and for Dade County, Florida, (1) of breaking and entering a building with intent to commit a misdemeanor (petit larceny), and (2) of petit larceny. On this appeal we are concerned only with *46 the breaking and entering judgment.[1] Two points are presented. The first urges that the conviction cannot stand because of a fatal variance between the allegations of the information and the proof. The second urges that the judgment should be reversed for a new trial because of prejudicial statements made by the prosecutor in closing argument.
An amended information charged the appellant with breaking and entering a designated building with intent to commit a felony (grand larceny). Six weeks prior to the commencement of trial the state filed a response to a motion for a statement of particulars. This response made clear that appellant was actually charged with breaking in a door and removing valuable personal property from an office inside the designated building. At trial there was no evidence to establish that the appellant broke into the building. There was competent evidence to show that he kicked in a panel of an office door inside a designated building in order to gain entrance into the office. The question then is whether this variance between the allegations of the information and the proof at trial is fatal to the judgment of conviction. Not every variance between allegation and proof is a fatal variance. This is true because the law does not guarantee the defendant an errorfree trial but a fair trial. Simpson v. State, Fla.App. 1968, 211 So.2d 862, 867. Therefore in deciding whether a variance is fatal to the judgment it is necessary for us to examine the record to determine whether the record reveals a possibility that the defendant may have been misled or embarrassed in the preparation or presentation of his defense. See Cannon v. State, 91 Fla. 214, 107 So. 360, 363 (1926); Hunter v. State, Fla.App. 1967, 200 So.2d 577. This record conclusively shows that the appellant was at all times advised of the extent of the charge against him and of the particulars which the state proved at trial. We hold therefore that the judgment is not reversible upon appellant's first point.
During closing argument the prosecutor made the following statement:
"I believe that in this trial you cannot help but find * * * conflicts. I think that you are going to find irreconcilable conflicts between the testimony of Mr. Becton and the testimony of the defendant, and I now ask you to weigh some standards, from your experience, in judging the testimony of each in determining which to believe.
"Take, for example, the defendant, Mr. Fitzgerald. Now Mr. Fitzgerald, by his own testimony, has spent the better part of his life in jail." (Emphasis added).
During the testimony of the appellant in his own defense, he had admitted (1) that he had just gotten out of jail on a drunk charge; (2) that he had been in that kind of trouble "quite a number of times"; (3) that he had been arrested for being drunk "consistently". He also admitted to two felony convictions. The record shows that the appellant was 44 years old. It also contains grounds for believing he is an alcoholic. These facts do not however justify the emphasized portion of the foregoing statement. The appellant moved for a mistrial. The motion was denied with a comment from the trial judge that the appellant had testified to something along those lines. Even without this comment from the bench the emphasized portion of the prosecutor's statement requires us to reverse the judgment of conviction. A prosecutor may comment on the credibility of the accused (see Campbell v. State, 155 Fla. 359, 20 So.2d 127 [1945]), but he
"* * * should always confine his argument to facts which are established by the record or which may be reasonably inferred from the facts established, and when he goes beyond that range he *47 takes the chance that he may thereby cause the necessity of the reversal of a favorable judgment." Frenette v. State, 158 Fla. 675, 29 So.2d 869 (1947). (Emphasis added.)
A statement to the same effect appears in 23A C.J.S. Criminal Law § 1090, p. 129. We hold that the prosecutor in the present case by making in his closing argument the statement we emphasized went beyond a reasonable inference from the facts established, since the conclusion that the appellant "by his own testimony has spent the better part of his life in jail" is not a reasonable inference from the testimony he gave regarding prior convictions for offenses. The importance of the prosecutor's statement in this case may be measured by the fact that the crucial decision for the jury was whether to believe the appellant's version of the events that formed the basis of the arrest and trial.
This court was called upon to reverse a judgment upon a similar factual situation in Davis v. State, Fla.App. 1968, 214 So.2d 41. The robbery conviction there was reversed because of a prosecutor's prejudicial remark that the defendant had just finished serving a prison sentence for the same type of crime.
For the foregoing reasons we reverse the breaking and entering judgment and remand the cause for a new trial.
Reversed and remanded.
CHARLES CARROLL, Judge (concurring in part and dissenting in part).
I concur in the judgment of reversal, and agree with the ruling as to harmful error resulting from the designated remarks of the prosecutor in argument. However, I would base the reversal also on the failure of the state to prove the allegation of the amended information as to the place alleged to have been broken and entered.
The information alleged that the defendant "did unlawfully and feloniously break and enter a building located at 5111 Southwest 8th Street." The evidence presented was that the defendant broke into an office located on an upper floor of the building, with no evidence of having broken into the building designated in the amended information. The allegation that a described building was broken into was a material one, under the statute prescribing the offense charged. The failure to prove that allegation rendered the evidence insufficient, and the proof that something other than the alleged building was broken into constituted a fatal variance as held in Booker v. State, 93 Fla. 212, 111 So. 476. See also Wood v. State, 18 Fla. 967; Givins v. State, 40 Fla. 200, 23 So. 850; Dawalt v. State, Fla.App. 1963, 156 So.2d 769.
The majority opinion excuses that variance on the ground that the defendant was apprised in advance, by a bill of particulars, that the evidence to be offered by the state at trial would not be that the defendant had broken into the building alleged, but into an office within the building. I cannot agree. The fact that the state may have disclosed in advance by a bill of particulars that the evidence it intended to present would be insufficient to prove one of the material allegations of the information did not operate to amend the information, nor should it serve to deprive the defendant of taking advantage of the resulting variance. Accordingly, I am impelled to dissent from the ruling of the majority which rejected that ground urged for reversal.
NOTES
[1] See Spina v. State, Fla.App. 1966, 186 So.2d 808.