415 So.2d 49 (1982)
James W. ANDERSON, a/K/a Gordon Jones, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1700, 81-1894.
District Court of Appeal of Florida, Second District.
May 12, 1982.
Rehearing Denied June 15, 1982.
*50 Jerry Hill, Public Defender, Bartow, and Gregory E. Like, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged with violating sections 817.61 (fraudulent use of a credit card) and 831.02 (uttering a forged instrument), Florida Statutes (1979). The court adjudged him insolvent in both cases and appointed the public defender to represent him. Appellant pled nolo contendere to both charges reserving the right to appeal the denial of his motion to dismiss and his motion for discharge. The court adjudicated appellant guilty on both charges and sentenced him to two concurrent three-year terms. In addition, the court, pursuant to section 27.56, Florida Statutes (1979), assessed court costs of $50 and attorney's fees of $250 against appellant in each case.
We have examined each of the appellant's contentions and find that only one merits discussion. Appellant relies upon Cox v. State, 334 So.2d 568 (Fla. 1976), for the proposition that the court erred in assessing attorney's fees and court costs against him after he had been declared insolvent. In Cox, our supreme court held that it was error to assess court costs against a defendant who had been adjudicated insolvent, because of the provisions of section 939.15, Florida Statutes (1975) which specified that court costs of insolvent defendants should be paid by the county. Clearly, however, Cox did not involve a motion for costs under section 27.56 because at that time section 27.56 did not contemplate the assessment of costs.
In 1977, subsequent to Cox, section 27.56 was amended to outline a procedure in which the court could order a defendant to reimburse the county for the reasonable value of attorney's fees rendered by the public defender as well as costs expended on his behalf. Obviously, the statute contemplates the likelihood that such an order would be entered against one who has been declared indigent because the public defender would not have been appointed in the first place unless the defendant had been able to establish his indigency. We see no prohibition against the award of costs and fees in this case which was in the form of a judgment collectible in the same manner as any other civil judgment.
While we have rendered numerous opinions grounded upon Cox v. State, they are all silent with respect to the procedure by which the cost awards were obtained. We suspect that many of them resulted from automatic cost assessments included on the printed forms of judgment rather than from proceedings instituted pursuant to section 27.56. In any event, we hereby recede from these decisions to the extent that they may imply that costs cannot be recovered under section 27.56.
In addition, we note that the court allowed appellant credit for the time he served in jail as required by section 921.161(1), Florida Statutes (1979). However, in case no. 81-1700 there is a discrepancy between the sentence and the commitment papers with respect to the amount of credit time to which appellant is entitled.
We remand case no. 81-1700 for correction of the discrepancy concerning credit time. Otherwise, we affirm the judgments and sentences.
SCHEB, C.J., and SCHOONOVER, J., concur.