PER CURIAM.
T.F., a sixteen year old child, was adjudicated delinquent for possession of alcohol by a minor (count I) and a violation of Bradenton Beach, Fla., Ordinance No. 110 (1969) (count II). She attacks the constitutionality of the curfew ordinance (No. 110) which reads in pertinent part as follows:
SECTION 1.
It shall be unlawful for any person sixteen (16) years of age or under to be on the streets, alleys or other public places within the City limits of Bradenton Beach, Florida, between the hours of 11:00 P.M. and 6:00 A.M.
SECTION 2.
All persons sixteen (16) years of age or under shall be exempt from the provisions of SECTION 1. hereunder when they are in the company of an adult.
We hereby declare ordinance No. 110 unconstitutional for the reasons set forth in our opinion issued this date in S. W. v. State, 431 So.2d 339 (Fla. 2d DCA 1983). The rationale of that case is more compelling here because the Bradenton Beach ordinance does not even purport to make exceptions for legitimate nocturnal pursuits of minors in public places.
T.F. admitted the charge of possession of alcohol. Therefore, notwithstanding the invalidity of the ordinance, we affirm the order of commitment predicated on count I.
GRIMES, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.