445 So.2d 407 (1984)
Jeffrey JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2746.
District Court of Appeal of Florida, Second District.
February 17, 1984.
Jeffrey Jackson, pro se.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
After reviewing the briefs and record on appeal, we find that appellant has failed to demonstrate any reversible error, and accordingly, we affirm the judgments and sentences. However, we must remand to the trial court because of a clerical error in the court's written judgment and sentence form.
Appellant was originally charged with aggravated battery and burglary of a conveyance. He pled guilty to aggravated assault and burglary of a conveyance and was placed on probation. He was subsequently found guilty of violating two conditions of his probation and was sentenced in open court to serve five years in prison for aggravated assault and five years in prison for burglary of a conveyance. These sentences were ordered to be served consecutively. On the same day a written order revoking his probation was signed, and that order conformed to the sentence entered in open court. However, the judgment and sentence form, also signed that same day, adjudicated him guilty of aggravated battery.
A court's written order of judgment and sentence must not vary from its oral pronouncement. Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983). Therefore, the judgment and sentence form must be corrected to show that the appellant was adjudicated guilty of aggravated assault and not aggravated battery.
We accordingly remand this cause to the trial court for correction of this error. The judgments and sentences are affirmed in all other respects.
DANAHY, A.C.J., and LEHAN, J., concur.