445 So.2d 1112 (1984)
Calvin E. MURPH, Jr., a/K/a Karem Abdullah, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2468.
District Court of Appeal of Florida, Second District.
February 29, 1984.
*1113 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Calvin Murph appeals from his judgment and sentence for robbery with a weapon.
The final judgment assessed an attorney's fee of $250 and clerk costs of $50 against the defendant. Because he is insolvent, Murph argues that the attorney's fees and clerk costs should not have been assessed against him.
Attorney's fees and costs may be assessed against a defendant adjudged insolvent after notice and hearing under section 27.56, Florida Statutes (1981). Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982). Here, nothing in the record indicates that Murph was given notice and an opportunity to object to the assessment of attorney's fees and costs. Drumm v. State, 432 So.2d 765 (Fla. 2d DCA 1983).
Accordingly, the assessment was not appropriate and is hereby stricken. Our decision is without prejudice to the state to assess these fees and costs in accordance with the procedures outlined in section 27.56.
We see no merit in Murph's other contentions; therefore, in all other respects, the judgment and sentence is affirmed.
GRIMES, A.C.J., and CAMPBELL, J., concur.