446 So.2d 1156 (1984)
Mark SHAFFER and Bill Luke Shaffer, Appellants,
v.
STATE of Florida, Appellee.
No. 82-2097.
District Court of Appeal of Florida, Second District.
March 14, 1984.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
HANLON, MORTON J., Associate Judge.
Appellants Mark and Bill Luke Shaffer appeal their respective judgments and sentences for grand theft and dealing in stolen property. While we find no reversible error in appellants' primary contention, we agree that the trial court erred in imposing various costs, attorney's fees, and conditions of parole against appellants.
We note specifically that the trial court ordered both appellants, who previously had been adjudged insolvent, to pay costs of $10, $2, and $1, pursuant to section 960.20 and section 943.25(4) and (8), Florida Statutes (1981). Because appellants did not receive prior notice that these costs would be assessed against them, these assessments must be stricken. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Kerney v. State, 445 So.2d 381 (Fla. 2d DCA 1984). Our decision is without prejudice to the state to tax these costs in *1157 accordance with the procedure outlined in Jenkins.
In sentencing appellants, the trial court also orally imposed additional court costs of $55 and $250 in attorney's fees against each appellant for his defense by the public defender. Section 27.56, Florida Statutes (1981), authorizes the assessment of these costs and fees against an indigent defendant upon compliance with the notice and hearing requirements of that section. Jenkins; Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982). See also Fla.R. Crim.P. 3.720(d)(1). Our review of the record discloses, however, that the trial court entered its order without following the procedures and requirements outlined by section 27.56 and Florida Rule of Criminal Procedure 3.720(d)(1). See Bruton v. State, 418 So.2d 1250 (Fla. 4th DCA 1982); Gaylord v. State, 413 So.2d 72 (Fla. 2d DCA 1982). Accordingly, we vacate these portions of appellants' judgments and remand to the trial court for proper consideration of these matters.[1]
Finally, Mark Shaffer asserts that the trial court erred in assessing restitution and the above court costs and attorney's fees under section 27.56 as conditions of parole. Although a court is not precluded from recommending conditions of parole, the Parole and Probation Commission alone is invested with the statutory authority to impose such conditions. Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983); § 947.13(1)(b); Fla. Stat. (1981). In light of our foregoing determination, we need not further address court costs and attorney's fees under section 27.56. However, we affirm the imposition of restitution,[2] but remand to the trial court with directions to strike that portion of Mark Shaffer's judgment mandating the payment of restitution as a condition of parole.
In summation, we AFFIRM appellant's convictions; VACATE the portions of the final judgments assessing court costs and attorney's fees under section 27.56; and REMAND for proceedings consistent with this opinion.
GRIMES, A.C.J., and RYDER, J., concur.
NOTES
[1] The written judgment rendered against each appellant reflected imposition of "additional court costs in the sum of $42," as opposed to the $55 orally pronounced by the trial judge. In addition, the written judgment entered against Bill Luke Shaffer failed to reflect the $250 in attorney's fees pronounced in open court. Our decision to vacate and remand this portion of the judgment will allow the trial court to rectify these inconsistencies.
[2] Under this court's holding in Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981), appellants' failure to object to the imposition of restitution at sentencing precludes them from contesting its validity on appeal. See also Barlow v. State, 388 So.2d 349 (Fla. 5th DCA 1980).