452 So.2d 987 (1984)
Deborah Wesley EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1699.
District Court of Appeal of Florida, Third District.
June 19, 1984.
Rehearing Denied August 3, 1984.
*988 Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
We affirm the appellant's conviction and thirty year sentence for second-degree murder in the shooting death of her husband which occurred during a domestic altercation. It is first clear, her contention to the contrary notwithstanding, that the evidence, viewed in the light most favorable to the state, supports a determination that Evans acted with a "depraved mind" in unjustifiably killing the victim out of a sense of anger and vengeance, rather than in self-defense as she claimed, and that she was thus guilty of the crime charged. Ramsey v. State, 114 Fla. 766, 154 So. 855 (1934); see Walden v. State, 191 So.2d 68 (Fla. 1st DCA 1966); compare, e.g., McKnight v. State, 341 So.2d 261 (Fla. 3d DCA 1977), cert. denied, 348 So.2d 953 (Fla. 1977); Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1125 (Fla. 1979).
Because it was not preserved below, we also reject Evans' claim to a new trial because the trial court erroneously charged the jury that three years, rather than the thirty years he actually imposed on the defendant, was the minimum sentence for second-degree murder with a firearm. While this statement was acknowledgedly *989 incorrect, counsel made no objection to it at trial and the issue may therefore not be raised on appeal. Fla.R. Crim.P. 3.390(d). Nor does the exception to this rule, which arises when fundamental error is involved, State v. Smith, 240 So.2d 807 (Fla. 1970), apply here. It is true that the substantial difference in the minimum sentence was, particularly in the domestic situation involved in this case, significant to the jury's possible exercise of its pardon power  which is the very reason for the Tascano[1]  Fla.R.Crim.P. 3.390(a) requirement that the maximum and minimum penalties be given in the first place. See Williams v. State, 399 So.2d 999, 1002-1003 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982). It surely cannot be said, however, as the fundamental error doctrine requires, that a mistake, even a serious one, in this area amounts to a "denial of due process," Castor v. State, 365 So.2d 701, 704, n. 7 (Fla. 1978), or "goes to the foundation of the case [itself] or ... the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134 (Fla. 1970), quoted in Ray v. State, 403 So.2d 956, 960 (Fla. 1981). See Thomas v. State, 419 So.2d 634 (Fla. 1982). The remaining points raised with respect to the primary judgment have been considered and likewise found to be without merit.
It appears that the separate order fixing a $2,500 lien under Sec. 27.56, Fla. Stat. (1983) for the services of the public defender was entered without following the procedure required by Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984).[2] It is therefore vacated for further proceedings to be conducted in accordance with Jenkins.
Affirmed, vacated.
NOTES
[1] Tascano v. State, 393 So.2d 540 (Fla. 1980).
[2] Jenkins was decided after the trial court's ruling.