PER CURIAM.
We find no merit in appellant’s contention that the trial court lacked jurisdiction over this matter, and thus we affirm appellant’s judgment and sentence for concealing a child contrary to court order, a violation of section 787.04, Florida Statutes (1988). We agree with appellant’s assertion, however, that the trial court improperly imposed court costs and attorney’s fees against appellant for his defense by the public defender.
Section 27.56(1), Florida Statutes (1983), authorizes assessment of the challenged costs and fees against an indigent defendant after compliance with the notice and hearing requirements specified in section 27.56(7). Jenkins v. State, 444 So.2d 947, 950 (Fla.1984); Shaffer v. State, 446 So.2d 1156, 1157 (Fla. 2d DCA 1984); Anderson v. State, 415 So.2d 49, 50 (Fla. 2d DCA 1982). See also Fla.R.Crim.P. 3.720(d)(1). Our review of the record discloses that the trial court ordered payment of these costs without affording appellant adequate notice and an opportunity to object to the court’s determination. Accordingly, we vacate that portion of the final judgment imposing these assessments and remand for proper consideration of this matter. We affirm appellant’s judgment and sentence in a11 other respects.
RYDER, C.J., and HOBSON and BOARDMAN, JJ., concur.