475 So.2d 308 (1985)
A.R., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1442.
District Court of Appeal of Florida, Second District.
September 18, 1985.
*309 James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, A.R., appeals from his adjudication of delinquency for two counts of second-degree grand theft and one count of burglary. We affirm in part and reverse in part.
Appellant has raised six points on appeal, three of which have merit. First, appellant correctly contends that the evidence was insufficient to prove his commission of a theft from Daniel McFarlane. We find that the items referred to in testimony at trial were not sufficiently identified as being the property stolen from Mr. McFarlane. Although we reverse appellant's conviction on this one charge of grand theft, we find that the remaining convictions are sufficient to affirm the adjudication of delinquency. See T.F. v. State, 431 So.2d 342 (Fla. 2d DCA 1983).
Next, appellant contends that although the court orally ordered him to pay $50 in restitution, the written order of disposition reflects this amount to be $150. Because a court's written order of judgment and sentence must not vary from its oral pronouncement, we remand this case to the trial court for correction of the error. Jackson v. State, 445 So.2d 407 (Fla. 2d DCA 1984); Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983).
Finally, appellant claims error with respect to the assessment of $750 in attorney's fees and costs for his defense by the public defender. Section 27.56, Florida Statutes (1983), authorizes the assessment of such costs and fees against an indigent defendant upon compliance with the notice and hearing requirements of the statute. Murph v. State, 445 So.2d 1112 (Fla. 2d DCA 1984); Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982). The record before us reflects that the court did not comply with these requirements. We, accordingly, strike the assessment without prejudice to the fees and costs being assessed in accordance with the procedures set forth in the statute. Murph.
Affirmed in part, reversed in part, and remanded.
OTT, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.