478 So.2d 111 (1985)
Willie James FOUST, Appellant,
v.
STATE of Florida, Appellee.
No. 85-741.
District Court of Appeal of Florida, Second District.
November 8, 1985.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
*112 CAMPBELL, Judge.
Appellant, Willie James Foust, appeals his judgment and sentence for sexual battery with slight force. Upon review of the record on appeal, we find that the evidence was sufficient to sustain appellant's conviction.
Appellant was ordered to pay $825.00 in attorney's fees during any period of work release, $10.00 to the Crimes Compensation Fund, and $2.00 in court costs. Appellant argues that the portion of the trial court's order assessing these costs is improper since he is indigent.
Assessment of attorney's fees and costs is permissible against an indigent defendant only after the defendant has been given adequate notice and an opportunity to object to the assessment. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Harris v. State, 452 So.2d 1041 (Fla.2d DCA 1984); Murph v. State, 445 So.2d 1112 (Fla.2d DCA 1984).
There is nothing in the record which indicates that appellant was given notice and an opportunity to object to the assessment of costs and attorney's fees under sections 27.56(7) and 960.20, Florida Statutes (1981).
Accordingly, the assessment should be stricken without prejudice to the state to tax these costs against appellant after proper notice and hearing.
RYDER, C.J., and HALL, J., concur.