PER CURIAM.
Wesley Wilkins seeks review of a five-year prison sentence imposed by the trial court in excess of the guidelines’ recommended sentence. See Fla.R.Crim.P. 3.701(d)(ll). The defendant contends that the trial court erred in relying upon prior charges for which the defendant had never been convicted and upon certain allegations made in the presentence investigation which were uncorroborated hearsay. We find merit in both of the defendant’s contentions and, consequently, reverse. Thrasher v. State, 477 So.2d 1083 (Fla. 1st DCA 1985); Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985); Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985); Fla.R.Crim.P. 3.701(d)(11).
The defendant also contends that the trial court erred in ordering an assessment of attorney’s fees and costs without giving him proper notice. We agree that the defendant was improperly noticed, see Jenkins v. State, 444 So.2d 947 (Fla.1984), and, therefore, reverse that order as well. Our reversal is without prejudice to the state to seek imposition of fees and costs upon proper notice. Jenkins, 444 So.2d at 950; see also Evans v. State, 452 So.2d 987, 989 (Fla. 3d DCA 1984).
Reversed and remanded.