481 So.2d 1296 (1986)
Ricardo RICARDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2323.
District Court of Appeal of Florida, Third District.
January 28, 1986.
*1297 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henry R. Barksdale and Debora Turner, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
Ricardo appeals from the final judgment of conviction for carrying a concealed firearm and the sentence entered thereon. For the reasons which follow, we affirm the conviction but reverse the sentence and remand for resentencing.
Ricardo first argues that his motion for mistrial should have been granted at the commencement of the case because the prosecutor asserted in opening statement facts which Ricardo contends could not have been brought before the jury. In his opening statement, the prosecutor remarked:
[T]he evidence and the testimony in this case will show that the lounge is located at 442 Southwest 8th Street.
The State will prove that the defendant was in that lounge, that he was waving a gun and when Officer Morales arrived he asked the defendant to put his hands on the counter, that he frisked the defendant and he found a revolver in the defendant's waistband which was concealed by a leisure-type outfit, a beige leisure-type outfit, the same outfit the defendant is wearing today.
* * * * * *
The evidence will show that he recieved [sic] that call and that there are two doors in this lounge, the entrance and the exit, that Officer Reyes came in, that he blocked the exit, that Morales came in, that he had this description of the individual, a beige leisure suit, that the individual in the report, that the individual had been waving a gun around.
Defense counsel immediately objected to these threshold remarks on the stated basis that "[t]he report will not be in evidence." The court sustained the objection although it noted that "[t]here is a possibility the report may be in evidence." At the close of the opening statement for the state, defense counsel moved for a mistrial on the basis that "the prosecutor has indicated to the jury hearsay evidence that will not be in evidence in this case." Defense counsel continued, "[T]here are no witnesses listed that can testify to [the defendant's waving a gun around]. The only people that can testify to that would be the police officers and that would be hearsay on their part." The trial court denied the motion for mistrial.
We need go no further than Paul v. State, 209 So.2d 464 (Fla. 3d DCA 1968), to conclude that no reversible error was committed by the trial court in denying the defendant's motion for mistrial. The prosecuting attorney may outline the evidence which he, in good faith, expects the jury will hear during presentation of the state's case. See Paul, 209 So.2d at 464. No showing was made in this case that the prosecuting attorney acted other than in good faith. Furthermore, the motion for mistrial was made prematurely. The motion should have been made at the conclusion of the state's case. Cf. Marrero v. State, 478 So.2d 1155 (Fla. 3d DCA 1985) (no error in denying premature motion for mistrial made at time predicate question to impeachment asked, but error to deny renewed motion for mistrial where state concluded its case without producing impeachment evidence). The judgment of conviction is accordingly affirmed.
As his second point, Ricardo argues that the trial court erred in departing upward from the sentencing guidelines by imposing the statutory maximum of five years. The trial court based the departure from the recommended sentence (any non-state prison sanction) upon two grounds: one, the defendant's prior record (which *1298 included scored convictions and charges for which the defendant had not been convicted) and, two, the court's disbelief of the defendant's trial testimony. Neither of these grounds is a proper basis for departing from the guidelines. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985) (defendant's prior convictions which had been scored in arriving at presumptive sentence may not be considered as reason for departure); Wilkins v. State, 479 So.2d 297 (Fla. 3d DCA 1985) (trial court may not rely on prior charges for which defendant not convicted as justification for upward departure from sentencing guidelines); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985) (defendant's apparent untruthfulness not a proper sentencing consideration). The sentence imposed is accordingly reversed, and this cause is remanded to the trial court with directions to sentence the defendant in accordance with the guidelines.
Judgment of conviction affirmed; sentence reversed; cause remanded with directions.
NESBITT, J., concurs.
SCHWARTZ, Chief Judge (dissenting in part).
As was demonstrated, totally without contradiction, by defense counsel in support of his motion for mistrial, there was no way that the state could have introduced evidence to support the highly prejudicial references in the prosecutor's opening statement. Thus, the motion should have been granted at that point, and there was no need to renew it at a later one.
Neither Paul v. State, 209 So.2d 464 (Fla. 3d DCA 1968) nor Marrero v. State, 478 So.2d 1155 (Fla. 3d DCA 1985), the cases cited by the majority, support its position. Indeed, the contrary is true. Paul permits the prosecution to outline what he believes "in good faith" the evidence will show; Marrero is likewise based on the assumption "that the predicate questions to impeachment must be asked in good faith, that is, with the intent and ability to later prove (if it is not admitted) that the witness gave some statement inconsistent with his or her present testimony."[e.s.].[1] In this case, it clearly appeared at the time of the offending remark that the prosecutor could not prove the truth of its contents and thus that it was not made in "good faith." The motion for mistrial was therefore well taken and was not premature. I would reverse for a new trial because it was not granted.
NOTES
[1] The rule invoked by the court would apply if, for example, a listed witness whom the prosecutor believed would testify in fact did not. Here, there was no possible witness who could testify to the prior offense.