HALL, Judge.
Appellant appeals the judgment and sentences she received for thirteen criminal offenses. A brief has been filed by appellant’s counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh’g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), and appellant has filed a supplemental brief. After a thorough review of the record and briefs, we find no reversible error.
However, we do find error in appellant’s probation orders in cases 83-8980, 83-8981, 83-8982, 83-9155, 83-9156, 83-9157, 83-9159, 84-770, 84-1013, and 84-3428, wherein restitution in an amount to be determined by appellant’s probation officer is listed as a condition of probation. The determination of the amount of restitution is a judicial responsibility which cannot be delegated to a probation officer. Fletcher v. State, 405 So.2d 748 (Fla. 2d DCA 1981).
Accordingly, we remand the cases cited above with directions to the trial court to delete those portions of the probation orders stating that restitution shall be determined by the probation officer.
CAMPBELL, A.C.J., and FRANK, J., concur.