498 So.2d 584 (1986)
Thomas RAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2631.
District Court of Appeal of Florida, Second District.
December 3, 1986.
*585 James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Thomas Rago was convicted and sentenced for the commission of three offenses. On appeal he raises four points. We find merit only to his contentions that the trial judge erred by: (1) departing from the recommended guideline sentence; and (2) imposing costs against him.
The defendant was convicted of aggravated assault, a felony, and two misdemeanors, petit theft and loitering and prowling. The trial court departed from the recommended guideline sentence of "community control or 12-30 months' incarceration" and sentenced him to five years on the felony conviction of aggravated assault and to time served on the two misdemeanor charges. The court gave the following reasons for departure:
1. In 1980, the defendant committed the offenses of burglary of a dwelling and grand theft and was placed on probation. He violated his probation and was then sentenced to the Department of Corrections for a period of thirty months on each count. He was only recently released from prison when he committed offenses for which he is now being sentenced. The timing of these new offenses coupled with the fact that he again committed a theft discloses a recalcitrant and non-rehabilitative attitude justifying a departure.
2. The victim of the aggravated assault with a ten inch knife was a law enforcement officer who was required to draw his revolver as the assault was being committed. The totality of the circumstances created a confrontational, dangerous environment involving a substantial risk of serious injury or possible death.
The court's first reason concerning timing of offenses has been held to be a valid reason for departure when supported by the record. Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984); see Simmons v. State, 496 So.2d 911 (Fla. 2d DCA 1986). Here, however, the trial judge's statement that the defendant "was only recently released from prison when he committed offenses for which he is now being sentenced" is not specific as to detail and is not supported by the record. Therefore, it does not meet the requirement of being a "clear and convincing reason" to support departure. State v. Mischler, 488 So.2d 523 (Fla. 1986).
The court's second reason is also invalid. To begin with, the record reveals the defendant did not know that the victim of his assault was a police officer because the officer was not wearing a uniform or otherwise identified as a police officer. When the deputy identified himself as a police officer, the defendant dropped the knife he was holding. Furthermore, confrontation and danger are inherent components of the crime of aggravated assault and, thus, cannot be used to justify a departure. State v. Mischler.
We agree with the defendant's contention that the trial court erred by imposing costs of $224.50 against him. The defendant had been adjudged insolvent. Therefore, the court's imposition of $20 pursuant to section 960.20, Florida Statutes (1985), $2.50 pursuant to section 943.25(4), Florida Statutes (1985), and $2.00 pursuant to section 943.25(8), Florida Statutes (1985), must be stricken since defendant was not given notice of the assessment or an opportunity to object to it. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Foust v. State, 478 So.2d 111 (Fla. 2d DCA 1985); Murph v. State, 445 So.2d 1112 (Fla. 2d DCA 1984).
We also find error in the court's imposition of $200 additional court costs pursuant to section 27.3455, Florida Statutes *586 (1985) which became effective July 1, 1985. Since the defendant's crimes were committed on May 24, 1985, imposition of these additional costs violated the ex post facto provisions of the Constitution of the United States and of the State of Florida. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Hooks v. State, 498 So.2d 586, (Fla. 2d DCA 1986).
Accordingly, we affirm the defendant's convictions but we vacate his sentence on the aggravated assault charge and remand for resentencing on that count. If the trial court again chooses to depart on the "timing" aspect of the offenses it must show that it would have originally departed solely on this ground and furnish documentation from the record in detail to support the departure. See Albritton v. State, 476 So.2d 158 (Fla. 1985). We also vacate the $200 in costs imposed pursuant to section 27.3455, Florida Statutes (1985). We strike the other costs totaling $24.50 without prejudice to the state petitioning to assess those costs in compliance with Jenkins.
SCHOONOVER, J., concurs.
RYDER, J., specially concurring.
RYDER, Judge, specially concurring.
I concur with the result of this panel, but incorporate by reference my specially concurring opinion in Stone v. State, 500 So.2d 572 (Fla. 2d DCA 1986).