PER CURIAM.
The appellant, Larry Hooks, appeals that portion of the final judgment which imposes certain costs against him. After reviewing the briefs and record on appeal, we agree the trial court erred in assessing these costs.
After adjudging the appellant insolvent, the trial court assessed costs against *587 him in the amount of $20 pursuant to section 960.20 Florida Statutes (1985), $2 pursuant to section 943.25(4) Florida Statutes (1985), and $2 pursuant to section 943.25(8) Florida Statutes (1985). Since appellant was adjudged insolvent but was not given either adequate notice of the assessment, or an opportunity to object to it, we hereby strike the costs. Jenkins v. State, 444 So.2d 947 (Fla.1984). This decision is without prejudice to the trial court assessing' costs against the appellant in accordance with the requirements of Jenkins.
We also find error in the post-sentencing imposition of $200 additional court costs pursuant to section 27.3455, Florida Statutes (1985). Appellant’s crime of failure to appear, a violation of section 843.15, Florida Statutes (1983), was committed on November 26, 1984. Section 27.3455 became effective July 1, 1985. We therefore hold that the trial court’s imposition of court costs pursuant to this section violated constitutional ex post facto restrictions. See U.S. Const. art. I, § 9, cl. 3 and § 10, cl. 1; Fla.Const. art. I, § 10. We, accordingly, reverse that portion of the judgment imposing $200 court costs against the appellant under section 27.3455. See Bowman v. State, 495 So.2d 868 (Fla.2d DCA 1986); see also, Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
We affirm, however, the judgment and sentence in all other respects.
Affirmed in part, reversed in part.
SCHEB, Acting C.J., and SCHOON-OVER, J., concur.
RYDER, J., specially concurring.