LEHAN, Judge.
Defendant appeals from an order placing him on probation, his sentences, an order of restitution, and the imposition of costs and attorney’s fees.
The state concedes that the order placing defendant on probation should have reflected that the defendant pleaded nolo con-tendere to the offenses of burglary and petit theft, not burglary and grand theft. The state also concedes that the imposition of one sentence for two offenses was improper and that the case should be remanded for resentencing in that regard. See Fla.R.Crim.P. 3.701(d)(12).
The trial court, as a condition of probation, required that defendant “[p]ay one half restitution as determined by probation officer.” This was improper. See Mansell v. State, 498 So.2d 604 (Fla. 2d DCA 1986); Buchanan v. State, 483 So.2d 537 (Fla. 2d DCA 1986). We find no merit in defendant’s contention that the imposition of restitution was contrary to the prior agreement emanating from the change of plea hearing.
As to attorney’s fees, the order of probation, wherein such fees were imposed, incorrectly states that such fees were ordered under section 925.036, Florida Statutes (1985). On remand, this should be corrected to show that the fees were or *980 dered under section 27.56, Florida Statutes (1985). The defendant argues that, contrary to section 27.56, he was not afforded notice that attorney’s fees would be imposed. But the affidavit of insolvency signed by the defendant includes both an authorization to the trial court to order such costs and a waiver by defendant of his right to the notice and opportunity to be heard he now seeks. “This waiver dispensed with the notice and hearing requirements of section 27.56(7), Florida Statutes (1985).” Bull v. State, 507 So.2d 744 (Fla. 2d DCA 1987).
Defendant further argues that costs imposed upon him pursuant to section 27.-3455, Florida Statutes (1985), should be stricken because this statute came into existence after he committed the crimes for which he has been convicted, and therefore, imposition of these costs violates the ex post facto provisions of the United States and Florida constitutions. Although the defendant did not object to their imposition at the sentencing hearing, these costs shall be stricken. The defendant was not told that these costs were pursuant to section 27.3455, and therefore, had no reason to object to them on ex post facto grounds. Our supreme court has since determined that the imposition of such costs to crimes committed prior to the effective date of the statute does violate such ex post facto provisions. See State v. Yost, et al., 507 So.2d 1099 (Fla.1987).
Finally, the defendant argues that the imposition of costs pursuant to section 960.20, Florida Statutes (1985), was erroneous because he was not given notice or an opportunity to be heard on the matter. We agree. Rago v. State, 498 So.2d 584 (Fla. 2d DCA 1986). We therefore strike the imposition of costs under this section without prejudice to the state to seek to assess these costs pursuant to Jenkins v. State, 444 So.2d 947 (Fla.1984).
This cause is remanded for proceedings pursuant to this opinion. - Specifically, the order placing defendant on probation should be corrected, defendant should be resentenced, the trial court should determine the amount of restitution, the assessment of costs pursuant to sections 27.3455 and 960.20 should be stricken, and the defendant should be afforded proper notice and an opportunity to be heard on the imposition of costs under section 960.20 if these costs are to be reassessed.
SCHEB, A.C.J., and CAMPBELL, J., concur.