513 So.2d 1378 (1987)
Gregory Eugene DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1470.
District Court of Appeal of Florida, Third District.
October 27, 1987.
*1379 Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the defendant Gregory Eugene Dixon from sentences of (1) four years imprisonment for battery on a law enforcement officer [§ 784.07, Fla. Stat. (1983)], (2) four years imprisonment for resisting arrest with violence [§ 843.01, Fla. Stat. (1983)], and (3) one year imprisonment for battery [§ 784.03, Fla. Stat. (1983)]  the second and third sentences to run concurrently. These sentences were imposed upon an adverse jury verdict following a trial at which the defendant testified that he did not commit the offenses for which he was charged. The trial court departed from the sentencing guidelines in imposing the sentences appealed from as the guidelines called for a total prison sentence of three years  rather than the total prison sentence of four years imposed in this case.
The defendant contends, and we agree, that the written reasons given by the trial court for departing from the sentencing guidelines constitute impermissible reasons for said departure. These reasons are as follows:
"[1. Defendant] lied on the stand.
[2. Defendant] is not a youngster [and] is fully acquainted with the system.
[3. Defendant] had plenty of time to think before hitting the police officers.
[4.] P[olice] O[fficer] tried to persuade him [defendant] for about 15 minutes to go peacefully to no avail."
The first reason given above  the trial court's belief that the defendant lied on the witness stand at trial  is, without question, an impermissible basis for a sentencing guidelines departure. Ricardo v. State, 481 So.2d 1296 (Fla. 3d DCA), rev. denied, 494 So.2d 1152 (Fla. 1986); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985). The second reason given above  that defendant was not a "youngster" and was "fully acquainted with the system"  is far too broad, ambiguous, and lacking in factual detail to constitute a sufficient basis for a sentencing guidelines departure, *1380 see Hendrix v. State, 475 So.2d 1218 (Fla. 1985); moreover, to the extent that the reason may mean to convey a lack of respect by the defendant for the criminal justice system, such a reason is an invalid basis for a sentencing guidelines departure. Scott v. State, 488 So.2d 146 (Fla. 3d DCA 1986). The third and fourth reasons given above  that the defendant "had plenty of time to think before hitting the police officers," and that the police officer attempted for fifteen minutes to persuade the defendant "to go peacefully to no avail"  are nothing more than statements that the defendant had a settled criminal intent to commit the offense for which he was convicted. Because a criminal intent is an essential element of all the offenses for which the defendant stands convicted, these reasons cannot constitute a sufficient basis for a sentencing guidelines departure. See State v. Mischler, 488 So.2d 523, 525 (Fla. 1986); Rago v. State, 498 So.2d 584, 585 (Fla. 2d DCA 1986); Knowlton v. State, 466 So.2d 278, 280 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla. 1985); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), approved, 476 So.2d 165 (Fla. 1985).
The sentences under review are reversed and the cause is remanded to the trial court with directions to resentence the defendant within the sentencing guidelines.
Reversed and remanded.