McNULTY, Judge.
Appellants, husband and wife, were indicted for first degree murder but were convicted of second degree murder in the beating death of their four-year old foster child David. They raise eight points on appeal, the first of which argues that the evidence was insufficient to sustain a conviction. At the outset, we summarily dispose of this first point by holding that while the evidence is conflicting it was more than sufficient to support the jury finding that appellants were guilty of second degree murder.
Of the remaining seven points raised by appellants only one merits discussion. This relates to the Court’s jury instruction on circumstantial evidence. It was appropriate to give such an instruction since the state’s case was largely circumstantial.[1] The proof was bottomed primarily on opportunity being solely in appellants, on medical testimony and the child’s medical history and on numerous photographs of bruises and wounds on the child’s body. The thrust of appellants’ defense was and is that such circumstantial evidence did not exclude every reasonable hypothesis of innocence in that it did not exclude the possibilities that the death of the child was caused by a pre-existing illness or condition or by accident or misfortune. We have rejected this argument for reasons with which our disposition of the sufficiency of the evidence point is pregnant.
But even so, and notwithstanding that the circumstantial evidence relied upon by the state is sufficient, appellants additionally say that the jury was necessarily misled by an erroneous circumstantial evidence instruction. The questioned instruction was given in writing and is as follows:
“Circumstantial evidence is legal evidence and a crime or any fact to be proved may be proved by such evidence. A well connected chain of circumstances is as conclusive, in proving a crime or fact, as is positive evidence. Its value is dependent upon its conclusive nature and tendency.
Circumstantial evidence is governed by the following rules:
1. The circumstances themselves must be proved beyond a reasonable doubt;
2. The circumstances must be consistent with guilt and inconsistent with innocence.
3. The circumstances must be of such a conclusive nature and tendency that *300 you are convinced beyond a reasonable doubt of defendant’s guilt (the fact to be proved).

If the circumstances are susceptible of two equally reasonable constructions, one indicating guilt and the other innocence, you must accept the construction indicating innocence.

Circumstances which, standing alone, are insufficient to prove or disprove any fact may be considered by you in weighing direct and positive testimony.” (Italics supplied)
It is to be noted that this instruction is, verbatim, Instruction 2.13, Standard Jury Instruction in Criminal Cases, as promulgated by the Florida Supreme Court on May 27, 1970.[2] Appellants contend however, and we agree, that they nonetheless have a right to question the substantive accuracy or validity of such instruction.[3] They expressly question the italicized portion thereof and argue that the word “equally” as used therein is erroneous in that it is tantamount to telling the jury they may exclude a hypothesis of innocence if it is not equally as probative as the hypothesis of guilt even though it might otherwise be reasonable. We think the point is well taken. The use of “equally” in the charge tends to have just such an effect and should not be used. It is the exclusion of all reasonable hypotheses of innocence, not just equally probative hypotheses of innocence, which gives a reasonable hypothesis of guilt the force of proof in the first instance.[4] Therefore, the jury ought not be told even by implication that they may reject a reasonable
hypothesis of innocence simply because it is not at least equally as strong as a reasonable hypothesis of guilt.
Now, if the complained of portion of the foregoing instruction were the entire circumstantial evidence charge, and if the trial court did not, as it did, fully and completely otherwise charge on the presumption of innocence and on the necessity of establishing guilt beyond and to the exclusion of every reasonable doubt, we might well say that the foregoing error was substantial and requires a reversal. However, not all material errors and inaccuracies in the giving of jury instructions in a criminal case call for reversal. The paramount rule was recently stated by our Supreme Court in Johnson v. State: [5]
“It is basic in our criminal law that instructions must be considered in relation to each other and all together and not in isolation. Instructions must give the jury a full, fair, complete and correct statement of the rules of law applicable to the case, but material errors and inacctiracies in various charges of the Trial Judge’s complete instructions to the jury may be corrected and cured by other charges given, and if it appears from the whole record that the jury could not have been misled by the instructions, then the conviction should not be reversed on account of any alleged inaccuracy of a single charge.” (Italics supplied)
We are of the view that the material error found here, which was merely a portion of the circumstantial evidence instruction, which in turn was merely a portion of the *301 full charge relating to the presumption of innocence and reasonable doubt, could not have misled the jury.
The evidence being sufficient, therefore, and no reversible error being shown, the judgment appealed from must be and it is hereby affirmed.
LILES, A. C. J., and HOBSON, J., concur.

. See, e. g., Anderson v. State, Fla.App., 255 So.2d 550, Opinion filed December 3, 1971 and cases cited therein.

. 240 So.2d 472.

. In promulgating the Standard Jury Instructions the Supreme Court in its order stated “ . . . The Court generally approves the theory and technique of charging'juries in criminal cases as recommended by the Committee and embodied in its proposed instructions. The Court will, accordingly, authorize the publication and use of such instructions, but without prejudice to the rights of any litigant objecting to the use of one or more of such approved forms of instructions . . . .” (Italics supplied) Id., at p. 472.

. See, e. g., Savage v. State (1943) 152 Fla. 367, 11 So.2d 778; Garcia v. State (Fla.App.1969), 227 So.2d 209; and Knowles v. State (Fla.App.1966), 183 So.2d 597.

. (Fla.1971), 252 So.2d 361, 364.