NIMMONS, Judge.
The appellant pled guilty to burglary of a dwelling and aggravated battery by use of a deadly weapon (knife). He asserts on appeal that the trial court’s reasons for imposing sentences in excess of the guidelines were not valid.
The appellant and an accomplice broke into the victim’s house. During the burglary, the accomplice wounded the victim with a knife when she fought off the pair’s attempts to rape her.
The trial court stated the following as his written reasons for departure:
1) Use of dangerous weapon — knife— Realize also factored in guidelines.
2) Committed in calculated manner.
3) Prior history — Defendant sentenced to DOC in 1981 for burglary of a dwelling.
4)Act committed in presence of victim’s children. Defendant aware of children’s presence.
As for reason # 1, use of the knife had — as explicitly recognized by the judge — already been taken into consideration in determining the guidelines sentence. Such reason can therefore not support guidelines departure. State v. Cote, 487 So.2d 1039 (Fla.1986); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Callaghan v. State, 462 So.2d 832 (Fla. 4th DCA 1985).
Neither can the trial court’s second reason — commission of the offenses in a “calculated manner” — justify departure. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984) (“premeditated and calculated”); Von Carter v. State, 468 So.2d 276, 281 (Fla. 1st DCA 1985) (“pre-meditation”); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985) (robbery “planned in advance”); Dority v. State, 489 So.2d 1198 (Fla. 2nd DCA 1986) (“premeditation”).
The court’s third reason is also impermissible because it focuses primarily on the mere existence of prior convictions, a factor already scored. Hendrix v. State, 475 So.2d 1218 (Fla.1985); Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986).
We find, however, the fourth reason for departure to be valid. See Cortez v. State, 488 So.2d 163 (Fla. 1st DCA 1986) and Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986).
Since we are unable to conclude that the state has met its burden of showing that the trial court would have departed in the absence of the invalid reasons, we must reverse the sentences and remand for re-sentencing. Albritton v. State, 476 So.2d 158 (Fla.1985).
REVERSED and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.