542 So.2d 437 (1989)
Roy Walter HOLTSCLAW, Appellant,
v.
STATE of Florida, Appellee.
No. 88-519.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
Lewis E. Dinkins, Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Holtsclaw appeals from his convictions and sentences for aggravated assault and two counts of battery. He argues that all three counts arise out of the same episodic rash of violence directed at his wife, Suzanne, and therefore violate his double jeopardy rights.[1] The state cross appeals the trial court's dismissal (JNOV) of one *438 count of shooting into a public or private building in violation of section 790.19, Florida Statutes (1987). We affirm the assault and battery convictions, but quash entry of the JNOV regarding the shooting charge.
The record establishes that on April 30, 1987, Holtsclaw returned home to his trailer after an evening of heavy drinking. When Suzanne opened the door to let him inside, she noticed blood on his chin and asked if he had been in a fight. He struck her on her left ear with his fist hard enough to knock her against the wall and make her feel dizzy.
Holtsclaw removed a gun from a broom closet and loaded it, saying he intended to kill himself. Instead, he shot into the floor of the trailer, and reloaded the gun. He threatened to shoot Suzanne, but again fired into the floor and reloaded.
Again, he threatened to kill Suzanne. He touched her with the barrel of the gun. He then shot into the wall and into the room where their baby was sleeping.
Suzanne rushed into the baby's room and tried to block the door with a cedar table. But it proved too heavy for her to move. She lay down over the child. Holtsclaw entered the room and pulled Suzanne up by her hair. He again threatened to shoot her, and fired the gun through the outside wall of the trailer. He left the room to reload the weapon and returned.
Suzanne picked up the baby. Holtsclaw threatened to shoot both of them. He shot into the corner of the room. He reloaded the gun. Only the sound of police sirens arriving imminently stopped Holtsclaw from further violence. He gave Suzanne the gun, whereupon she and the baby fled into the yard.
There was a more than adequate factual basis to sustain Holtsclaw's convictions. He struck his wife with his fist (battery  count III); and later he touched her with the barrel of a gun (battery  count II); he repeatedly threatened to kill her, with a loaded gun in hand (aggravated assault  count I).
These proofs established all the elements of the crimes charged. Although the acts of violence were strung together in time, they were separate and individual. If Carawan v. State, 515 So.2d 161 (Fla. 1987) is still viable, cf. § 775.021(4) (Supp. 1988), we do not think Holtsclaw's multiple convictions would violate its principle of lenity. Nor does double jeopardy come into play merely because the acts of violence were directed against the same person and were performed episodically.
The trial court gave no reason for directing a JNOV on the shooting count after the jury found Holtsclaw guilty of shooting into a building. That statute is defined as:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 790.19, Fla. Stat. (1987).
Holtsclaw's attorney argues this statute did not apply because Holtsclaw owned the trailer and either (1) the shots were made without an intent to injure anyone; or (2) the shots were not directed at anyone. None of these reasons constitute defenses to section 790.19, by its own language, nor does case law so construe it. As we said in Skinner v. State, 450 So.2d 595, 596 (Fla. 5th DCA 1984), rev. denied, 470 So.2d 702 (Fla. 1985):
[We] hold that section 790.19 ... is violated by a person who intentionally shoots at, within, or into a building for the primary purpose, or with the specific intent, of shooting at a person in or near the building, as well as by a person who *439 shoots at, within, or into a building per se. (emphasis added)
Accordingly, we affirm all of Holtsclaw's convictions and we reinstate his conviction for shooting into a building. We remand for entry of judgment and resentencing. Because Holtsclaw should be resentenced based on a scoresheet which includes all four convictions, Florida Rule of Criminal Procedure 3.701 d.1., we vacate the sentences and remand for resentencing.
AFFIRM in part; REINSTATE conviction; QUASH sentences; REMAND for resentencing.
ORFINGER and GOSHORN, JJ., concur.
NOTES
[1] U.S. Const. amend. V; Art. I, § 9, Fla. Const.