DAUKSCH, Judge.
This is an appeal from convictions for robbery and aggravated assault.
Robbery is statutorily defined as:
812.13 Robbery.—
(1) ‘Robbery’ means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault or putting in fear.
Aggravated assault for purposes of this case where appellant had no deadly weapon is defined as:
784.021 Aggravated Assault.—
(1) An ‘aggravated assault’ is an assault:
* * * * * *
(b) With an intent to commit a felony.
784.011 Assault.—
(1) An ‘assault’ is' an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Appellant entered a bank and gave a demanding note to the teller, pointed to the money drawer, leaned over, put his hand in his pocket and said “now.” The teller testified she gave up the money because appellant looked mean and she was afraid.
Under Carawan v. State, 515 So.2d 161 (Fla.1987) and section 775.021(4), Florida Statutes (Supp.1988), it is error to convict for two crimes where one is lesser than the other and “the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b)(3), Fla.Stat. (Supp.1988).
Under the facts and charges of this case the aggravated assault charge was entirely subsumed by the robbery charge so the conviction and sentence for the aggravated assault must be reversed. The robbery conviction is affirmed. See also Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989).
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
GOSHORN, J., concurs.
ORFINGER, J., concurs specially in conclusion only without opinion.