PER CURIAM.
Bennie Hall appeals his convictions and sentences for battery and for two counts of robbery. We reverse in part and affirm in part.
Hall contests the battery conviction on the ground that battery is a lesser included offense of the crime of robbery. In this case, the battery occurred contemporaneously with the robbery and formed one of its elements. McCloud v. State, 335 So.2d 257 (Fla.1976); Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922). Thus, the conviction and sentence for battery constitutes double jeopardy. See Carawan v. State, 515 So.2d 161, 170 (Fla.1987). We therefore reverse Hall’s conviction for battery and remand for resentencing on the remaining convictions.[1]
Reversed and remanded.

. Hall urges that the trial court improperly departed from the guidelines sentence. We disagree. If even one of the five reasons given by the trial court for departure is valid, the sentence must be affirmed. § 921.001(5), Fla. Stat. (1987). The record indicates that Hall’s juvenile record included crimes against property: loitering and prowling and burglary. As an adult, Hall was previously convicted of robbery. His present conviction for robbery is the latest in a series of criminal activities which escalate from crimes against property to crimes against people. Escalating criminal activity is a valid reason for departure. Love v. State, 515 So.2d 364 (Fla. 4th DCA 1987); see Keys v. State, 500 So.2d 134 (Fla.1986); Weems v. State, 469 So.2d 128 (Fla. 1985); § 921.001(8), Fla. Stat. (1987).