549 So.2d 796 (1989)
Timothy L. SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-63.
District Court of Appeal of Florida, Fifth District.
October 5, 1989.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Sheppard appeals from his convictions and sentences for robbery and battery. He raises two points on appeal. We find merit only in his second point  that he is being twice punished for the same conduct by separate convictions for strong armed robbery and battery.
The evidence shows that Sheppard pushed his victim to the ground, wrestled with her for her purse and, having pulled the purse from her grasp, fled. The offense of theft is escalated to robbery when force is employed. In this case the force was the pushing and wrestling with the victim for possession of the purse  in other words, the battery.
Battery is a category two lesser included offense of robbery.[1] In an apparent response to Carawan v. State, 515 So.2d 161 (Fla. 1987), the Legislature adopted chapter 88-131, section 7, Laws of Florida amending section 775.021(4), Florida Statutes (1987) clarifying its intent in sentencing in cases of multiple convictions. Chapter 88-131 outlines three categories of offenses in which separate sentences are impermissible. The first two categories do not apply here. The third reads:
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The state, citing Holtsclaw v. State, 542 So.2d 437 (Fla. 5th DCA 1989), argues that the pushing down of the victim was one *797 battery and the wrestling or swinging her back and forth to separate her from her pocketbook was the second battery or "force" that escalated the theft of the pocketbook to robbery. To accept this argument one would have to theorize that (forgetting the robbery for a moment) the act of pushing the victim to the ground and wrestling with her would have supported two counts of battery. The force applied here was one continuous act of force with one purpose in mind  that of relieving the victim of her pocketbook. In Holtsclaw, the acts of violence, although strung together in time, were in fact separate and individual. There the defendant first struck his wife with his fist; then secured a gun and touched her with the gun, and then repeatedly threatened to kill her while holding the loaded gun in his hand. Such was not the case here. The force used to accomplish the taking of the purse, thereby escalating such taking to the level of robbery, was the same force supporting the battery conviction. For such reason the judgment and sentence for battery is vacated. See Rojas v. State, 543 So.2d 415 (Fla. 5th DCA 1989). The vacating of the battery judgment and sentence does not affect the recommended sentencing range and there is therefore no necessity to remand for resentencing.
AFFIRMED in part; VACATED in part.
COBB and COWART, JJ., concur.
NOTES
[1] See In the Matter of Use by the Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981), modifying Brown v. State, 206 So.2d 377 (Fla. 1968).