ZEHMER, Judge.
Defendant appeals his conviction and sentence pursuant to a guilty verdict in a jury trial. He was convicted of sexual battery in violation of section 794.011(2), Florida Statutes (1987), a capital felony, and of lewd, lascivious, indecent assault or act upon or in the presence of a child, in violation of section 800.04, Florida Statutes (1987), a second degree felony.
There was no error in the admission of evidence during trial, and the evidence was legally sufficient to support the conviction.
The only question warranting discussion is whether departure from the sentencing guidelines is justified. Defendant was sentenced on the sexual battery charge to a life term with no parole for 25 years. On the lewd assault charge, defendant was sentenced to imprisonment for 15 years to run consecutively to the life sentence. The sentence imposed departed from the 5V2 to 7-year guideline sentence, and the court gave the following written reasons for departing from the guidelines:
The Defendant was convicted on January 22, 1987, of Lewd, Lascivious or In.decent Assault or Act Upon or in the Presence of a Child. He was sentenced in Baker County, Florida, to serve Thirty (30) months in the Florida State Prison. He was released on January 19, 1988, from this sentence. On August 4, 1988, the defendant was again convicted of one count of Capital Sexual Battery on a 5 year old child and another count of Lewd, Lascivious or Indecent Assault or Act Upon or in the Presence of the same child. These offenses occurred on February 9, 1988, twenty-one (21) days after the defendant’s release from prison. It is not merely that the defendant has previously committed the exact crime for which he was convicted in the instant case, but he committed this crime within an extremely short period of time after his release from incarceration.
R. 84-85. We hold that the reasons stated by the trial judge are legally sufficient. Williams v. State, 504 So.2d 392 (Fla.1987); cf. Jones v. State, 530 So.2d 53 (Fla.1988).
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.