574 So.2d 1107 (1990)
Joseph Edward ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01251.
District Court of Appeal of Florida, Second District.
November 28, 1990.
Rehearing Denied December 21, 1990.
Joseph Edward Rowe, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant raises several issues in this appeal of his convictions and sentences for robbery and battery. We find merit in only one and, accordingly, affirm his conviction and sentence for robbery, and vacate the battery conviction.
Appellant was charged with aggravated battery and robbery. The evidence presented to the jury showed that the female victim of the offenses had just left a supermarket when a person came rushing toward her and grabbed at her purse. As she struggled to retain the purse she fell or was pushed to the ground, suffering a broken elbow and shoulder and a slight concussion. The assailant ran off with the victim's purse and was apprehended a short time later after being chased by an eyewitness to the incident who subsequently identified appellant as the assailant. The jury found appellant guilty of robbery and aggravated battery's lesser included offense of simple battery.
We conclude that the factual circumstances here are not materially distinguishable from those in Sheppard v. State, 549 So.2d 796 (Fla. 5th DCA 1989). We agree with the Sheppard court that under such circumstances the battery conviction, a category two lesser included offense of robbery, must be vacated. The force that was used to take the victim's purse and was necessary to constitute the offense of robbery was the same force used to support the battery conviction. In light of those facts and pursuant to section 775.021(4)(b)3, the statutory elements of the lesser offense of battery are subsumed by the greater offense of robbery and appellant, therefore, cannot be convicted of both. The conviction and sentence for battery are, therefore, vacated and the conviction and sentence for robbery are affirmed.
Appellant also raises as an issue in this appeal whether he was properly habitualized. Appellant was sentenced to thirty years for second degree felony robbery by *1108 being habitualized pursuant to section 775.084, Florida Statutes (1987). While appellant's attorney was served with the notice that the state sought to habitualize appellant as is required by section 775.084(3)(b), that notice and the service thereon do not indicate that appellant was personally served with such notice. Our independent examination of the record below, however, reveals that appellant received actual notice of the state's effort to habitualize him, appeared at the hearing for that purpose with his attorney, and actively contested the state's efforts. We conclude the notice to appellant was sufficient to support his being habitualized. Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990).
Affirmed in part and reversed in part.
SCHOONOVER, C.J., and SCHEB, J., concur.