578 So.2d 766 (1991)
Frederick CAVE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1694.
District Court of Appeal of Florida, First District.
April 4, 1991.
Rehearing Denied May 7, 1991.
George F. Schaefer, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Frederick Cave appeals his convictions and sentences for burglary of an occupied dwelling while armed, robbery with a deadly weapon, and aggravated battery. We affirm.
The evidence presented at trial showed that Cave entered the apartment of Dee Ann Cox, without her consent, and that he then struck her, seized an artist's knife she was using and held it to her throat, told her that he would kill her if she did not "shut up," and asked whether she had any money. She then gave Cave her purse, which contained $30. Cave ran off and was apprehended a short time later.
Cave contends, among other things, that his convictions and sentences for both aggravated battery and armed robbery violate federal and state constitutional prohibitions against twice being placed in jeopardy for the same act. In support of this contention, Cave points to the evidence which indicates that the force used to accomplish the armed robbery was the same continuous act of force used to accomplish the aggravated battery. Under these circumstances, the aggravated battery conviction, which is a category two lesser-included offense of armed robbery, must be vacated. Case law from other districts supports this position. See Rowe v. State, 574 So.2d 1107 (Fla. 2d DCA 1990); Hall v. State, 549 So.2d 758 (Fla. 3d DCA 1989); Sheppard v. State, 549 So.2d 796 (Fla. 5th DCA 1989). However, for the reasons stated below, we disagree.
Cave acknowledges the amendments to section 775.021(4), Florida Statutes, found in Chapter 88-131, Section 7, Laws of Florida, *767 effective July 1, 1988. He also acknowledges that these amendments preceded the date of the crimes in this case, and that after the amendments, the law as set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987), is no longer applicable. Nevertheless, appellant argues, separate punishments for robbery and aggravated battery are not permissible under the facts of this case. He directs attention to exception 3 to section 775.021(4)(b) which reads as follows:
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Appellant asserts that exception 3 applies to this case since aggravated battery is a category 2 lesser-included offense of the crime of robbery. This argument is without merit. The statute clearly states that offenses are separate if each offense requires proof of an element that the other does not, and that the exception only applies to lesser offenses "the statutory elements of which are subsumed by the greater offense." § 775.021(4)(a) and (4)(b)3, Fla. Stat. (1989). The statutory elements of armed robbery do not subsume the elements of aggravated battery. Armed robbery requires: (1) a taking of money or property which may be the subject of larceny; (2) by force, assault, or putting in fear; (3) with the intent to permanently deprive the victim of the money or property; and (4) where the offender carried a weapon. § 812.13, Fla. Stat. (1989). Aggravated battery (with a deadly weapon) requires: (1) intentional touching or striking another person against the will of the other or intentionally causing bodily harm to the other; (2) while using a deadly weapon. §§ 784.03 and 784.045, Fla. Stat. (1989). Armed robbery does not require intentional touching or intentionally causing bodily harm, thus its elements do not subsume those of aggravated battery.
When the legislature specifically authorizes cumulative punishments for two offenses flowing from a single episode, double jeopardy is not violated. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). The legislature expressly declared its intent to convict and sentence for each criminal offense committed in the course of a single criminal episode or transaction in section 775.021. Thus, appellant's conviction and sentence for both armed robbery and aggravated battery do not violate double jeopardy. Brown v. State, 569 So.2d 1320 (Fla. 1st DCA 1990); Williams v. State, 560 So.2d 311 (Fla. 1st DCA 1990).
The conclusion we reach conflicts with Rowe v. State, 574 So.2d 1107 (Fla. 2d DCA 1990). Rowe relies in part on Sheppard v. State, 549 So.2d 796 (Fla. 5th DCA 1989). Sheppard, in turn, cites Rojas v. State, 543 So.2d 415 (Fla. 5th DCA 1989). Rojas involved convictions for robbery and aggravated assault. The Rojas decision, which finds that aggravated assault is "entirely subsumed by the robbery charge so the conviction and sentence for aggravated assault must be reversed,..." was decided under the law as spelled out in Carawan v. State, 515 So.2d 161 (Fla. 1987). Thus, Sheppard's reliance on Rojas is misplaced.
The "same force" analysis used in Sheppard, and urged by appellant, fails to give effect to section 775.021(4)(a) enacted in 1988, as interpreted in State v. Smith, 547 So.2d 613 (Fla. 1989). Since a robbery may, but does not necessarily include an aggravated battery, the statutory offense of "robbery" does not "subsume" the crime of aggravated battery. Thus, the same act may be punishable as two different offenses under section 775.021(4)(a). State v. Smith, supra; State v. Burton, 555 So.2d 1210 (Fla. 1989); Porterfield v. State, 567 So.2d 429 (Fla. 1990).
Hall v. State, 549 So.2d 758 (Fla. 3d DCA 1989), is not authority for the result urged by the appellant because Hall was also governed by Carawan v. State, 515 So.2d 161 (Fla. 1987), which, as noted above, was overruled by section 775.021(4), Florida Statutes (1988 Supp.). State v. Smith, supra.
Finally, Rowe v. State, supra, which cites only Sheppard, and expresses agreement with the analysis in that case, similarly overlooks, in our opinion, the effect of *768 section 775.021(4), and the Smith, Burton, and Porterfield decisions.
Cave also argues that the trial court erred in departing from the sentencing guidelines. The court stated that it was departing from the recommended guidelines sentence because Cave was released from the Department of Corrections 19 days before he committed the offenses that are the subject of this appeal. Cave's prior record is extensive and includes a previous conviction for burglary of a dwelling that involved choking the occupant and several misdemeanors. We hold that the reason stated by the trial judge, when read together with Cave's prior record, constitutes a legally sufficient reason for departure. Williams v. State, 504 So.2d 392 (Fla. 1987); Haines v. State, 552 So.2d 320 (Fla. 1st DCA 1989); Forney v. State, 567 So.2d 60 (Fla. 4th DCA 1990). We thus affirm this issue, and, as did the fourth district in Forney, certify the following question to be of great public importance:
DOES THE TEMPORAL PROXIMITY OF CRIMES ALONE PROVIDE A VALID REASON FOR DEPARTURE FROM THE SENTENCING GUIDELINES WITHOUT A FINDING OF A PERSISTENT PATTERN OF CRIMINAL CONDUCT?
We find no merit to the remaining issues raised by Cave on appeal and affirm them without discussion.
We therefore affirm and certify conflict with Rowe and Sheppard.
BOOTH, SMITH and ZEHMER, JJ., concur.