SMITH, Judge.
We affirmed the departure sentence imposed because we found one of the bases for departure, lack of regard for the law and the judiciary, to be a permissible ground and to be adequately supported by the record. Brown v. State, 535 So.2d 671 (Fla. 1st DCA 1988). The supreme court reviewed our decision based on express and direct conflict with Hendsbee v. State, 497 So.2d 718 (Fla. 2d DCA 1986), and Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986). The supreme court held that disrespect for the law, standing alone, is an invalid basis for departure. Brown v. State, 569 So.2d 1223 (Fla.1990). The supreme court also held that under the facts of this case, disrespect for the judiciary could not serve as a basis for departure. The factual predicate of this ground was the fact that appellant committed the relevant offenses following *565 release on bail. The release was occasioned by the trial court’s granting of appellant’s motion to withdraw his guilty pleas to offenses committed in 1983. His bail was conditioned on the requirement that appellant remain at his father’s house except while working or while en route to or from work. While bail was not ordinarily designated as legal constraint, the supreme court held that it should be. Id. at 1225. The supreme court observed that under the existing case law, a person’s status cannot be used as the basis of departure when that statute is scored under legal constraint. Accordingly, the supreme court found departure was improperly based on appellant’s violation of the conditions of bail. It should be noted, though it is not clear in the supreme court’s opinion, that points for legal constraint were assessed on appellant’s guidelines scoresheet.
On remand, we are asked to consider the remaining three reasons for departure. After considering the briefs filed following the supreme court’s decision, we find departure from the guidelines was improper and remand for imposition of sentence within the guidelines range.
Before considering the remaining grounds, a brief review of the facts is in order. In 1983, appellant pled guilty to two counts of armed robbery, one count of kidnapping and one count of battery on a law enforcement officer. Upon motion by appellant, the guilty pleas and the resulting judgments of conviction were set aside by the trial court because he was not informed of his right to be sentenced under the guidelines. This court affirmed the grant of collateral relief. State v. Brown, 525 So.2d 454 (Fla. 1st DCA 1988). Appellant was released on July 7, 1987, on bail set at $25,000.00. On September 25, 1987, appellant was arrested and was thereafter charged by information with aggravated assault, carrying a concealed firearm, use of a firearm during the commission of a felony, and two counts of armed robbery. Following a trial by jury, appellant was convicted of two counts of robbery with a deadly weapon, contrary to section 812.-13(2), and threatening to throw, place or discharge any destructive device, contrary to section 790.162. As noted, the trial court departed from the guidelines range in sentencing the appellant.
In broad terms, the evidence adduced at trial revealed that on September 25, 1987, appellant entered a Jacksonville bank wearing a mask and carrying a weapon.[1] Appellant put a paper bag on the floor and suggested that it contained an explosive device, though in fact no such device existed. He handed a note to a teller who in turn passed money to the appellant. Appellant left the bank with the weapon he confiscated from the bank’s security guard and with the paper bag. He was apprehended as he fled the scene by police who were alerted to the robbery while it was in progress. In his direct appeal, appellant took exception only to the departure sentence.
Besides the appellant’s disrespect for the law and the judiciary, the trial court listed as its reasons for departure: (1) that appellant “displayed a flagrant disregard for the safety of innocent bystanders by pointing a firearm at patrons of the bank which was being robbed and by threatening them with great bodily harm”; (2) that the “timing between [appellant’s] release from incarceration and the present offense[s] demonstrate his predisposition to continue in his path of criminal behavior and warrants an upward departure ... ”; and (3) that appellant “committed the present offenses after considerable premeditation.”
The state argues that the trial court was referring to appellant’s threat to discharge an explosive device in the first departure ground given. However, as appellant points out, the trial court only made mention of appellant’s use of a firearm. Yet, as indicated above, appellant was ac *566 quitted on the charged offenses involving the use of a firearm. Therefore, we find this departure ground to be invalid. Ventosa v. State, 510 So.2d 1093 (Fla. 1st DCA 1987) (when jury acquits on firearm offenses, it is improper to deviate from the guidelines based on the use of a firearm).
Even if we were to assume that the trial court was referring to the threat of discharging an explosive device when it referred to the threat against the public of great bodily harm, we would still disapprove this ground, for such conduct is inherent in the offense of threatening to throw, place or discharge any destructive device. Compare, Whitaker v. State, 552 So.2d 306 (Fla. 5th DCA 1989) (departure grounded on defendant’s total disregard for the safety of others and the unreasonable risk to others by use of a firearm is improper when defendant convicted of discharging a firearm in public).
As for the second ground, we likewise find it to be invalid. As noted, the second reason for departure was the “timing between [appellant’s] release from incarceration and the present offense demonstrates his predisposition to continue in his path of criminal behavior....” In Cave v. State, 578 So.2d 766 (Fla. 1st DCA 1991), this court affirmed a departure sentence imposed on the ground that the relevant offenses were committed nineteen days after the defendant’s release from prison.[2] However, unlike the defendants in Cave and in the decisions cited by appellant, the appellant was released from incarceration because his judgments of conviction which occasioned the incarceration were set aside.
We agree with the argument by appellant that, by implication, the Rules of Criminal Procedure prohibit consideration of appellant’s prior incarceration. As noted, appellant pled guilty to several offenses committed prior to the offenses at issue in this appeal. Judgments of convictions and sentences were imposed following the guilty pleas. However, upon appellant’s motion for postconviction relief, the judgments of conviction and sentences were vacated and the guilty pleas were allowed to be withdrawn. While the rules do not specifically address the facts presented in the instant case, Rule 3.172(h), Florida Rules of Criminal Procedure, provides that evidence of a guilty plea which has been withdrawn shall not be admissible against the pleader in any civil or criminal proceeding, except as otherwise provided. Cognizant of the rule of law that any doubt concerning the validity of a departure ground should be resolved in favor of a defendant, we think it would be improper to allow the consequence of a withdrawn guilty plea, i.e., the resulting judgment of conviction and sentence, to be considered when the withdrawn guilty plea cannot itself be considered.
Moreover, because the prior convictions had been vacated by the time of appellant’s sentencing in the instant case, appellant had no prior record of convictions. Therefore, the timing of the latter set of offenses cannot be said to demonstrate an escalating or persistent pattern. Timing may be a valid departure reason only if based on facts that demonstrate an escalating or persistent pattern. State v. Simpson, 554 So.2d 506 (Fla.1989). See also State v. Tyner, 506 So.2d 405 (Fla.1987) (when imposing sentence, a judge may consider only that conduct of the defendant relating to an element to the offense for which he had been convicted).
As for the final ground for departure, we likewise find it invalid. The state would have us read the departure as being based on the “professionalism” shown by appellant in committing the subject offenses.[3] However, the trial court plainly stated the departure was based upon appellant’s “considerable premeditation.” In Carney v. State, 458 So.2d 13, 15 (Fla. 1st *567 DCA 1984), aff'd, 476 So.2d 165 (Fla.1985), this court held that premeditation is an invalid reason for departure because it is “an inherent component of any robbery, and hence may be properly viewed as already embodied in the guidelines recommended sentence range.” We believe that premeditation is likewise an inherent component of the offense of threatening to discharge an explosive device. Cf. Dixon v. State, 513 So.2d 1378 (Fla. 3d DCA 1987) (settled criminal intent improper basis for departure sentence for battery on law enforcement officer, resisting arrest with violence and battery); Melton v. State, 501 So.2d 96 (Fla. 1st DCA 1987) (“calculated manner” in which offenses of burglary of a dwelling and aggravated battery with a deadly weapon were committed improper basis for departure); Brown v. State, 483 So.2d 537 (Fla. 2d DCA 1986) (premeditation improper basis for departure for grand theft), and Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA), remanded on other grounds, 478 So.2d 1071 (Fla.1985) (premeditation improper grounds for departure in prosecution for burglary of a dwelling and robbery).
Because we find the remaining bases for departure to be invalid, we VACATE the departure sentence and REMAND for re-sentencing within the recommended range.
ZEHMER and BARFIELD, JJ., concur.

. The amended information filed against appellant charged that appellant used a firearm (a pistol) during the robbery of the bank. The jury evidently was not persuaded that a pistol was in fact used or decided to grant a pardon vis-a-vis the use of a pistol. The jury declined to make the finding on the jury form that a firearm was used in the robbery; instead, the jury selected the finding that a deadly weapon was used.

. Though the departure sentence was affirmed in Cave, we certified as a question of great public importance: Does the temporal proximity of crimes alone provide a valid reason for departure from the sentencing guidelines without a finding of a persistent pattern of criminal conduct? 578 So.2d at 768. In affirming the departure sentence in Cave, this court considered the defendant’s prior record in conjunction with the stated departure ground.

. Recently, the supreme court held that professionalism is an invalid ground in any case. Hernandez v. State, 575 So.2d 640 (Fla.1991).