613 So.2d 454 (1993)
Frederick CAVE, Petitioner,
v.
STATE of Florida, Respondent.
No. 77937.
Supreme Court of Florida.
February 4, 1993.
*455 George F. Schaefer, Gainesville, for petitioner.
Robert A. Butterworth, Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Cave v. State, 578 So.2d 766 (Fla. 1st DCA 1991), which certified the following question of great public importance:
DOES THE TEMPORAL PROXIMITY OF CRIMES ALONE PROVIDE A VALID REASON FOR DEPARTURE FROM THE SENTENCING GUIDELINES WITHOUT A FINDING OF A PERSISTENT PATTERN OF CRIMINAL CONDUCT?
Cave, 578 So.2d at 768. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We have answered the same certified question presented by this case in Barfield v. State, 594 So.2d 259 (Fla. 1992). Accordingly, the decision below is quashed, and this cause is remanded to the district court for reconsideration in light of Barfield.
The district court also noted conflict with Rowe v. State, 574 So.2d 1107 (Fla. 2d DCA 1990), review denied, 576 So.2d 290 (Fla. 1991). On this issue, we find no error in the court's determination that Cave lawfully could be tried and sentenced for both armed robbery and aggravated battery. There is no double jeopardy because each crime contains an element not contained in the other. See State v. McCloud, 577 So.2d 939 (Fla. 1991). Moreover, the court below characterized aggravated battery as a category-two lesser included offense of armed robbery. Aggravated battery can be a category-two lesser included offense of armed robbery, but it was not here because the language of the count of the information that charged armed robbery did not contain all of the elements of aggravated battery. See Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses. We disapprove Rowe and Sheppard v. State, 549 So.2d 796 (Fla. 5th DCA 1989), to the extent they are inconsistent with this opinion.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
KOGAN, J., concurs specially with an opinion.
SHAW, J., concurs in result only.
BARKETT, Chief Justice, concurring specially.
I concur with the majority's conclusion as to the certified question. I also concur in the majority's conclusion that dual convictions are permitted here because the record *456 shows that Cave committed two separate acts constituting the offenses of armed robbery and aggravated battery. Had the charges arisen from a single act that happened to fit within the proscription of two different statutes, I would have reached a different conclusion. See State v. Smith, 547 So.2d 613, 619-22 (Fla. 1989) (Barkett, J., dissenting).
KOGAN, Justice, concurring specially.
There has been a good deal of confusion over the continued viability of permissive lesser included offenses[1] following the legislative abrogation of Carawan v. State, 515 So.2d 161 (Fla. 1987), abrogation recognized, State v. Smith, 547 So.2d 613 (Fla. 1989). The present majority and the one in State v. McCloud, 577 So.2d 939 (Fla. 1991), have done little to clarify the issue, because both merely suggest conclusions without providing any express direction or analytic framework.
I agree with the majority's disposition of the certified question, and I agree with the disposition of the second issue to the extent it rests on the conclusion that the present case involved no permissive lesser included offense at all. But we also need to provide more detailed guidance on the future application of the rule of permissive lesser included offenses, an issue that the State argued extensively in its brief and that the majority appears to raise in a single sentence. Majority op. at 455 (citing McCloud).
On this issue, I note that the statutory basis for both McCloud and the present opinion contains an exception directly relevant here. Under the statute, two offenses occurring as a result of a single act cannot be separately convicted and sentenced if they are "lesser offenses the statutory elements of which are subsumed by the greater offense." § 775.021(4)(b)3., Fla. Stat. (1991). The statute does not say that the exception applies only to lesser offenses the statutory elements of which are subsumed by the statutory elements of the greater offense.[2]See id.
Thus, if the statutory elements of the lesser offense are subsumed by the greater offense, separate convictions and sentences cannot result. Id. That is by definition the state that exists whenever a greater offense is charged in a manner that subsumes the statutory elements of a permissive lesser included offense, whether or not the latter is charged. Accordingly, the legislature itself has recognized the continued viability of permissive lesser included offenses as they existed prior to Carawan. The only possible conclusion is that permissive lesser included offenses cannot result in separate convictions and sentences in addition to those for the greater offense, whether or not the lesser offenses are charged.[3]
*457 I believe this conclusion also finds support in other law as well. In State v. Weller, 590 So.2d 923 (Fla. 1991), we held that the analysis in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), defines "necessarily lesser included offense" by mutual exclusion: The statutory elements of any lesser offense failing to meet Blockburger's "separateness" test by definition are subsumed within the statutory elements of the greater offense, meaning that it is a necessarily lesser included offense. Id. at 925-26. It is obvious that the legislature codified Blockburger within the language of subsection 775.021(4)(a), Florida Statutes (1991). Smith, 547 So.2d at 615.
That being the case, it would violate established rules of construction for us to hold that the exception contained in subsection 775.021(4)(b)3. (quoted above) merely duplicates the Blockburger test itself, codified in subsection 775.021(4)(a). Such duplication obviously would exist if we read into the exception what the legislature itself omitted: a requirement that the greater offense be defined only with reference to its statutory elements and not with reference to the way it is charged in the information or indictment.
Our duty is to give effect to all language in a statute, and we certainly should not presume that the legislature created an exception that is an exception to nothing. We must presume that the legislature adopted the particular wording of a statute advisedly and for a purpose. Lee v. Gulf Oil Corp., 148 Fla. 612, 4 So.2d 868 (1941).
I further believe that the statutory exception quoted above merely codifies multiple-punishments law recognized for many years in this state. Accordingly, the rule of permissive lesser included offenses has an independent basis in the due process and double jeopardy provisions of the Florida Constitution. Art. I, § 9, Fla. Const. I of course recognize and adhere to the precedent in Smith, which is obviously not controlling in this case, although I continue to believe that Justice Barkett's partial dissent in Smith is the better reasoned approach.
NOTES
[1] For present purposes, a "permissive lesser included offense" is (a) any lesser offense the statutory elements of which are entirely subsumed by a greater offense as the latter is specifically charged in the information or indictment, whether or not the lesser offense is also charged; and (b) that is not a necessarily lesser included offense. See State v. Weller, 590 So.2d 923, 925-26 (Fla. 1991).
[2] Thus, the statutory language quoted in the text above is an obvious and express exception to the statutory requirement that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (1991). The construction I place on the statutory language is entirely consistent with the legislative intent, which was to overrule the "separate evil" analysis adopted in Carawan v. State, 515 So.2d 161 (Fla. 1987), abrogation recognized, State v. Smith, 547 So.2d 613 (Fla. 1989). Whether or not statutes address separate evils is a question entirely distinct from whether one statute is a permissive lesser included offense of another.
[3] The relevant portion of the statute provides:

The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction... . Exceptions to this rule of construction are:
... .
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat. (1991) (emphasis added). In other words, the legislature does not intend that permissive lesser included offenses be separately punished when their greater offenses result in punishment.