950 So.2d 505 (2007)
Charles A. KETTELL, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2882.
District Court of Appeal of Florida, Second District.
March 7, 2007.
*506 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Amanda Lea Colón, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Charles A. Kettell, Sr., appeals his second-degree felony conviction for shooting at, within, or into a building. Because the trial court gaveover Kettell's objection an erroneous instruction concerning the elements of the offense, we reverse the conviction.
Section 790.19, Florida Statutes (2003), provides: "Whoever, wantonly or maliciously, shoots at, within, or into . . . any public or private building, occupied or unoccupied, . . . shall be guilty of a felony of the second degree. . . ." The State alleged that while Kettell was in his dwelling, he shot into an interior wall of the dwelling. Among the instructions the trial court gave to the jury concerning the elements of the offense was the following statement:
In order to sustain a conviction for wantonly or maliciously shooting at, within or into a building, the conduct must have been done with an intent to cause damage or injury. This intent element is fulfilled by a person who intentionally shoots at, within, or into a building for the primary purpose, or with the specific intent, of shooting at a person in or near the building, as well as by a person who shoots at, within, or into a building per se.

(Emphasis added.)
The defense objected to this instruction because the use of the phrase "per se" suggested that "just shooting into a building creates per se liability and that's not the law." The trial court abused its discretion in giving the instruction over Kettell's objection.
The instruction states that the wanton or malicious "intent element is fulfilled . . . by a person who shoots at, within, or into a building per se." Per se means "[o]f, in, or by itself; standing alone, without reference to additional facts." Black's Law Dictionary 1178 (8th ed.2004). The term per se carries with it a connotation of absolute liability. The instruction thus indicates that shooting at, within, or into a building is an act that "standing alone"that is, without reference to the intent to cause *507 damage or injuryis sufficient to satisfy the intent element of the offense. This is not a correct statement of the law. To prove a violation of section 790.19, it must be established that the act is done wantonly or maliciously. See Fla. Std. Jury Instr. (Crim.) 10.13.
In giving the incorrect instruction, the trial court relied on language in Holtsclaw v. State, 542 So.2d 437, 438-39 (Fla. 5th DCA 1989). See also Skinner v. State, 450 So.2d 595, 596 (Fla. 5th DCA 1984). As we have explained, we cannot accept the view that the language at issue constitutes a correct and clear statement of the law. The Holtsclaw court undoubtedly sought to express the view that an offense under section 790.19 may be established without showing that the defendant shot at someone. In other words, a defendant who shoots into a building can do so wantonly or maliciously even though he does not shoot at someone. Unfortunately, the language employed in Holtsclaw suggests that the intent element is fulfilled simply by showing that someone shot into a building without proving that the shooting was done wantonly or maliciously.
It is no doubt possible that a perceptive juror considering the full context of the instructions would discern that "the intent to cause damage or injury" was required both with respect to circumstances where the shooting is "at a person" and with respect to circumstances where it is not. But such a possibility is no basis for affirming a conviction based on the verdict of a jury given an instruction that was "confusing, contradictory, or misleading." Butler v. State, 493 So.2d 451, 452 (Fla. 1986).
This is not a case where "it appears from the whole record that the jury could not have been misled by the instructions." Johnson v. State, 252 So.2d 361, 364 (Fla. 1971), judgment vacated in part on other grounds, 408 U.S. 939, 92 S.Ct. 2875, 33 L.Ed.2d 762 (1972). The problem with the instructions is not that a portion of the instructions is unclear when viewed in isolation from the remainder of the instructions but clear when viewed in context. On the contrary, when the instructions here are considered in full context, the best that can be said of them is that they are contradictory and therefore confusing and misleading. "[T]aken as a whole, the instructions . . . given are [not] clear, comprehensive, and correct." Maynard v. State, 660 So.2d 293, 297 (Fla. 2d DCA 1995).
Kettell was entitled to be judged by a jury which was given correct instructions concerning the elements of the offense charged against him. This is not a trivial technicality.
"It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence."
Scott v. State, 808 So.2d 166, 170 (Fla.2002) (quoting Gerds v. State, 64 So.2d 915, 916 (Fla.1953)), superseded on other grounds by statute, § 893.101, Fla. Stat. (2002), as recognized in Garcia v. State, 901 So.2d 788, 792 n. 1 (Fla.2005).
Here, the trial court did not "`correctly and intelligently instruct the jury on the essential and material elements of the crime charged.'" Scott, 808 So.2d at 170 (quoting Gerds, 64 So.2d at 916). Accordingly, the judgment and sentence are reversed *508 and the case is remanded for a new trial.
Reversed and remanded.
STRINGER, J., Concurs.
LaROSE, J., Dissents with opinion.
LaROSE, Judge, Dissenting.
I respectfully dissent. In my view, the instruction given by the trial court was a proper explication of the law. Further, I cannot agree that the instruction was contradictory or confusing. I would affirm the conviction.
A recitation of the underlying facts places the instruction in context. Neighbors heard shots coming from Mr. Kettell's apartment. They called the police. Upon searching the apartment, the police found four .38 caliber bullet holes in the floor boards of the apartment. Additionally, the police discovered a dismantled .38 caliber revolver, a 9½ wooden dowel, gun-cleaning brushes, a leather holster, a bottle of powder solvent, and a pouch of ammunition. Fortunately, no one was hurt. Apparently, Mr. Kettell was not shooting at anyone. Our record does not suggest, however, that he fired the shots accidentally.
The police arrested Mr. Kettell and charged him under section 790.19, Florida Statutes (2003):
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree. . . .
On its face, the statute does not require an intention to shoot the gun at a person. To secure a conviction, the State had to prove beyond a reasonable doubt that Mr. Kettell wantonly or maliciously shot his gun in his apartment. Id.
The standard criminal jury instructions address the offense with which the State charged Mr. Kettell. Fla. Std. Jury Instr. (Crim.) 10.13. The State, however, requested two additional instructions based on Holtsclaw v. State, 542 So.2d 437 (Fla. 5th DCA 1989). The Holtsclaw facts are strikingly similar to those before us. Mr. Holtsclaw shot his gun six times into the floor and walls of his trailer. Id. at 438. He appealed his conviction, arguing that section 790.19 was inapplicable because (1) he owned the trailer, and (2) he either did not intend to harm anyone or did not aim at anyone. Id. The Fifth District rejected these defenses. "`[S]ection 790.19 . . . is violated by a person who intentionally shoots at, within, or into a building for the primary purpose, or with the specific intent, of shooting at a person in or near the building, as well as by a person who shoots at, within, or into a building per se.' (emphasis added)." Id. at 438-39 (quoting Skinner v. State, 450 So.2d 595, 596 (Fla. 5th DCA 1984)); see also Ballard v. State, 447 So.2d 1040 (Fla. 2d DCA 1984). Thus, according to Holtsclaw, the statute does not require an intent to harm or shoot at anyone. The mere shooting in the building, if done with the requisite wantonness or maliciousness, is enough to violate section 790.19. Holtsclaw does not eliminate the wantonness or maliciousness element of the statute.
*509 Anticipating that Mr. Kettell would raise arguments akin to those rejected in Holtsclaw, the State requested instructions stating that the fact that a defendant fired in his own home or was not shooting at a person were not defenses. Mr. Kettell objected. Defense counsel assured the trial court that he would not raise these matters in closing argument. As a result, the trial court declined to give these instructions, concluding that the standard instructions were sufficient. The trial court made clear to Mr. Kettell's counsel, however, that it would give the Holtsclaw instructions if counsel argued the inappropriate defenses before the jury. Ignoring this admonition, defense counsel suggested in closing argument that the jury could not find Mr. Kettell guilty because he fired his gun in his own apartment and because no one was hurt. Over defense objection, the trial court gave the requested Holtsclaw instructions.[1] The trial court instructed the jury as follows:
To prove the crime of Shooting at, within or into a Building, the State must prove the following three elements beyond a reasonable doubt:
1. CHARLES ALLAN KETTELL shot a firearm or hurled or projected a stone or other hard substance that would produce death or great bodily harm.
2. He did so at, within, or into a private building, occupied or unoccupied.
3. The act was done wantonly or maliciously.
"Wantonly" means consciously and intentionally, with reckless indifference to consequences and with the knowledge that damage is likely to be done to some person.
"Maliciously" means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another person.
. . . .
In order to sustain a conviction for wantonly or maliciously shooting at, within or into a building, the conduct must have been done with an intent to cause damage or injury. This intent element is fulfilled by a person who intentionally shoots at, within, or into a building for the primary purpose, or with the specific intent, of shooting at a person in or near the building, as well as by a person who shoots at, within, or into a building per se.

Ownership of the building is no defense to the offense of maliciously or wantonly shooting at, within, or into a building.
(Emphasis added.)
Although the added instructions tracked the Holtsclaw language, Mr. Kettell argues that they were incorrect and confusing. According to Mr. Kettell, the words "per se" impermissibly suggested to the jury that any shooting at, in or into a building satisfied the wanton or malicious intent requirement, effectively eliminating that statutory element altogether. Under these instructions, argues Mr. Kettell, the jury could have convicted him even if he shot his gun accidentally.
Mr. Kettell was entitled to jury instructions that properly described the elements of the offense. See Garcia v. State, 901 So.2d 788, 794 (Fla.2005). The trial court properly instructed the jury. As for the *510 alleged over-inclusiveness of the instructions, Mr. Kettell never asserted an accidental shooting defense, and the jury heard no facts supporting such a defense. In any event, the firing of four bullets into the apartment walls would seem to undermine such a defense. Further, Mr. Kettell's ex-wife testified at trial that she asked him why he was shooting guns in the apartment. Mr. Kettell responded that he did not know why, but it did not matter because nobody could prove it.
More basic, however, the trial court properly instructed the jury on each element of the crime. The trial court listed the three elements required to secure a conviction under section 790.19. The trial court also defined the intent component of the crime. Quite simply, the jury knew that it could convict Mr. Kettell only if the evidence established, beyond a reasonable doubt, that he maliciously or wantonly fired his gun in his apartment. Any argument that the added Holtsclaw instructions eliminated the intent element does not persuade me. The statute recognizes no defense that a defendant fired into his own dwelling or that he was not shooting or intending to shoot at anyone. The use of the "per se" language from Holtsclaw does no more than recognize that these defenses do not exist under section 790.19. Indeed, the trial court gave these instructions only after defense counsel attempted to convince the jury otherwise. The evidence before the jury was sufficient to support a guilty verdict. Read as a whole, the instructions properly advised the jury of the elements of the crime and were not, in my view, contradictory, confusing, or misleading. See Willcox v. State, 258 So.2d 298, 300 (Fla. 2d DCA 1972); Diez v. State, 359 So.2d 55, 56 (Fla. 3d DCA 1978) (affirming propriety of jury instruction where challenged portion, read in context, was not misleading).[2]
I would hold that the trial court did not abuse its discretion in giving the jury instructions requested by the State. See James v. State, 695 So.2d 1229, 1236 (Fla. 1997) (stating abuse of discretion standard for giving or withholding of jury instruction).
NOTES
[1] The trial judge commented:

[Y]ou said you were not going to argue that issue, but then you went ahead and argued it. So I told them if, you know, after the argument if you raised that issue that was covered by his instruction, that I was going to change the instruction. So you did, so I am.
[2] It is basic in our criminal law that instructions must be considered in relation to each other and all together and not in isolation. Instructions . . . must give the jury a full, fair, complete and correct statement of the rules of law applicable to the case, but material errors and inaccuracies in various charges of the Trial Judge's complete instructions to the jury may be corrected and cured by other charges given, and if it appears from the whole record that the jury could not have been misled by the instructions, then the conviction should not be reversed on account of any alleged inaccuracy of a single charge.

Johnson v. State, 252 So.2d 361, 364 (Fla. 1971), judgment vacated in part on other grounds by Johnson v. Fla., 408 U.S. 939, 92 S.Ct. 2875, 33 L.Ed.2d 762 (1972); accord Willcox, 258 So.2d at 300.