676 So.2d 29 (1996)
STATE of Florida, Appellant,
v.
Joseph ALTAMURA, Appellee.
No. 95-02483.
District Court of Appeal of Florida, Second District.
June 19, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
Michael C. Cheek, Clearwater, for Appellee.
FULMER, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(D), the state appeals a posttrial order granting the defendant's motion for arrest of judgment. We affirm the trial court's determination that the defendant was improperly convicted of a crime for which he was not charged.
*30 The defendant, Joseph Altamura, was charged with a single count of DUI manslaughter. Over defense objection, the trial court included a jury instruction on vehicular homicide as a category two lesser included offense. The jury found the defendant guilty of vehicular homicide. The defendant timely filed a motion in arrest of judgment contending that the trial court erred by instructing the jury on vehicular homicide because the elements of that crime were not charged in the information.
DUI manslaughter is defined, in pertinent part, by section 316.193, Florida Statutes (1993):
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection
(2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his faculties are impaired; or
(b) The person has a blood or breath alcohol level of 0.08 percent or higher.
....
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
....
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Vehicular homicide is defined in section 782.071(1), Florida Statutes (1993), as "the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another." The information filed in this case alleged that the defendant,
did unlawfully cause the death of a human being, Gregory Richardson, by the operation of a motor vehicle while under the influence of intoxicating liquor or a substance controlled by Florida Statutes, Chapter 893, and was affected to the extent that his normal faculties were impaired or had a blood alcohol level of .08 percent or higher; contrary to Chapter 316.193, Florida Statutes, and against the peace and dignity of the State of Florida.
The state contends that these allegations are sufficient to encompass the crime of vehicular homicide. We disagree. A brief review of the history of the DUI manslaughter statute, as outlined by the supreme court in Magaw v. State, 537 So.2d 564 (Fla.1989), will explain our conclusion. Prior to 1986, the manslaughter by intoxication statute was construed to impose strict criminal liability. Appellate courts consistently held that negligence and proximate causation were not elements of the offense. Baker v. State, 377 So.2d 17 (Fla.1979). Consequently, when called upon to determine whether vehicular homicide was a necessarily lesser included offense of DUI manslaughter, the supreme court held it was not because vehicular homicide had a causation element (i.e., reckless driving) and DUI manslaughter did not. See Higdon v. State, 490 So.2d 1252 (Fla.1986).
In 1986, the DUI manslaughter statute was amended. The supreme court concluded that the amendment introduced a causation element. However, it required "only that the operation of the vehicle should have caused the accident." Magaw, 537 So.2d at 567. The court further explained that "any deviation or lack of care on the part of a driver under the influence to which the fatal accident can be attributed will suffice." Magaw, 537 So.2d at 567. Thereafter, in order to satisfy the causation element of DUI manslaughter, the state was required to prove only simple negligence in the operation of a vehicle. Even though a causation element has been added to the offense of DUI manslaughter, vehicular homicide is still not a necessarily lesser included offense because it contains an element that DUI manslaughter does notreckless driving.
However, it may be a category two permissive lesser included offense if its elements are both alleged in the accusatory pleading and proven at trial. State v. Von *31 Deck, 607 So.2d 1388 (Fla.1992). Looking once again at the allegations in the information, we note the absence of the essential allegation that the vehicle was operated "in a reckless manner likely to cause the death of, or great bodily harm to, another person." Thus, while the information sufficiently tracks the language of the DUI manslaughter statute, it does not also encompass the vehicular homicide statute. The motion in arrest of judgment was properly granted because it was error to instruct the jury on vehicular homicide.
Affirmed.
FRANK, A.C.J., and QUINCE, J., concur.