HARRIS, Judge.
N.C. was charged under a delinquency petition with robbery in that she, “did ... by force, violence, assault or putting in fear, take away from the person or custody of Janiris Colon,” certain jewelry. The evidence showed that N.C. and certain of her friends pounced upon Janiris, causing her injury, and that someone made off with her jewelry. Although the court found insufficient proof of intent to take the jewelry, it found that N.C. was guilty of aggravated battery. N.C. appeals on the basis that aggravated battery is neither a necessarily lesser included offense nor was it pled in this case. We agree and reverse.
This case is controlled by Cave v. State, 613 So.2d 454, 455 (Fla.1993), in which the court held:
Moreover, the court below characterized aggravated battery as a category-two lesser included offense of armed robbery. Aggravated battery can be a category-two lesser included offense of armed robbery, but it was not here because the language of the count of the information that charged armed robbery did not contain all of the elements of aggravated battery.
So also in our case. N.C. was neither alleged to have used a dangerous weapon nor to have intentionally caused great bodily harm to Ms. Colon. While a finding of simple battery would seem appropriate, aggravated battery is not sustainable.
REVERSED and REMANDED for further action consistent with this opinion.
GRIFFIN and THOMPSON, JJ., concur.