749 So.2d 516 (1999)
Freddie WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3077.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
Rehearing Denied January 19, 2000.
*517 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
*518 Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, C.J.
Freddie Wilson appeals his judgments and sentences which were imposed by the trial court after a jury found him guilty of DUI manslaughter,[1] reckless driving,[2] and other related offenses.[3] Mr. Wilson argues that the trial court erred by denying his request for a jury instruction on the crime of vehicular homicide[4] as a lesser included offense to the DUI manslaughter charge, and that the sentence imposed on his reckless driving conviction improperly exceeds the statutory maximum.[5] We affirm Mr. Wilson's DUI manslaughter conviction but reverse his sentence for reckless driving.
The evidence at trial demonstrated that on March 22, 1997, Mr. Wilson was driving northbound on Interstate 95 in St. Johns County at a high rate of speed, weaving between traffic lanes, when he struck a Chevrolet Blazer traveling in the right northbound lane. The Blazer rolled over numerous times before coming to rest upside down on the side of the road. One passenger in the Blazer was killed and another was seriously injured. An officer at the scene testified that he detected the odor of alcohol on Mr. Wilson's person, and that two blood tests revealed that Mr. Wilson had a blood alcohol level of .196 and .197 at the time of the accident.
Mr. Wilson requested that the trial court instruct the jury on the crime of vehicular homicide as a lesser included offense to Count I, DUI manslaughter. The trial court denied the request, but did instruct the jury as to the lesser charge of driving under the influence.[6] The jury returned a verdict of guilty as to all counts including Count I, DUI manslaughter, and Count II, reckless driving.
Mr. Wilson first argues that he was entitled to receive his requested instruction on the lesser included charge of vehicular homicide. We disagree.
When a defendant requests an instruction on a necessarily lesser included offense, the trial court is obligated to grant the request. See Thompson v. State, 487 So.2d 311, 312 (Fla. 5th DCA), rev. denied, 494 So.2d 1153 (Fla.1986). In contrast, when a defendant requests an instruction on a permissive lesser included offense, the trial court is required to grant the request only if: (a) the accusatory pleading specifically alleges all the statutory elements of the lesser offense; and (b) a finding of guilt on the offense would be supported by the evidence submitted at trial. See State v. Wimberly, 498 So.2d 929, 931 (Fla.1986). Thus, the first issue for our review is whether the crime of vehicular homicide is either a necessary or a permissive lesser offense of DUI manslaughter.
"A necessarily included offense is one in which `the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence.'" Overway v. State, 718 So.2d 308, 310 (Fla. 5th DCA 1998) (quoting Brown v. State, 206 So.2d 377, 382 (Fla.1968)). Review of section 316.193 of the Florida Statutes, which defines the offense of DUI manslaughter, and section 782.071 of the Florida Statutes, which defines the offense of vehicular homicide, reveals that the trial court properly determined that vehicular homicide is not a necessarily lesser included offense of *519 the crime of DUI manslaughter because the offense of vehicular homicide contains the element of reckless driving which is not an element of DUI manslaughter. See State v. Altamura, 676 So.2d 29 (Fla. 2d DCA 1996).
The next issue is whether the trial court erred in determining that vehicular homicide was not a permissive lesser included offense to the crime of DUI manslaughter under the facts in this case. As noted above, a permissive lesser included offense is a crime which may or may not be a lesser included offense depending upon the accusatory pleading and the evidence presented at trial. See Amado v. State, 585 So.2d 282 (Fla.1991); see also State v. Weller, 590 So.2d 923, 925 n. 2 (Fla.1991).
Mr. Wilson contends that the term `accusatory pleading' refers to all counts pleaded in the information, not just the count for which the request for a lesser included instruction is made. More specifically, he argues the trial court should have looked to all of the allegations set forth in all counts of the information filed against him in determining whether there were sufficient allegations to require an instruction on vehicular homicide as a permissive lesser included offense to the charge of DUI manslaughter. Under this view, the trial court would have been required to issue the vehicular homicide instruction because Count II of the information alleged that Mr. Wilson's reckless driving caused the accident and resulting death.
In Cave v. State, 613 So.2d 454, 455 (Fla.1993), our supreme court explained that a crime is not a permissive lesser included offense unless the allegations contained in the count of the information charging the major crime also alleges all of the elements necessary to prove the lesser included offense. In that case the court held that, although aggravated battery can be a permissive included offense of armed robbery, it was not in that case "because the language of the count of the information that charged armed robbery did not contain all of the elements of aggravated battery." Id. See also N.C. v. State, 691 So.2d 575 (Fla. 5th DCA 1997).[7] Similarly, the trial court in this case properly ruled that there were insufficient allegations in Count I, DUI manslaughter, to authorize an instruction on the permissive lesser included offense of vehicular homicide.
As for Mr. Wilson's claim of sentencing error, we agree that we must vacate the sentence imposed on the reckless driving conviction because, upon a second or subsequent conviction for reckless driving, the maximum sentence is six months' imprisonment. See § 316.192(2)(b), Fla. Stat. (1997). Mr. Wilson was improperly sentenced to a term of 364 days imprisonment. Accordingly, we remand this matter to the trial court for purposes of resentencing.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] § 316.193(3)(c)3, Fla. Stat. (1997).
[2] § 316.192(1), Fla. Stat. (1997).
[3] §§ 322.34(1); 316.193(3)(c)2, Fla. Stat. (1997).
[4] § 782.071, Fla. Stat. (1997).
[5] Mr. Wilson's remaining issues on appeal are without merit and do not warrant discussion.
[6] § 316.193, Fla. Stat. (1997).
[7] Due process concerns of criminal defendants also weigh against the interpretation urged by Mr. Wilson. Defendants are entitled to receive notice of the charges against them. Of course they are on notice of the necessary lesser offenses upon the filing of the charge, but they do not have the same notice with regard to permissive lesser included offenses. For instance, consider a case similar to the one at hand charging DUI manslaughter in one count and reckless driving in another. If the state submitted only tenuous proof regarding the defendant's intoxication, would due process allow the state to request a lesser included instruction on vehicular homicide over the defendant's objection merely because it had charged and proved reckless driving in a separate count? This question reveals the concerns defendants should have with the argument advanced by Mr. Wilson.