THOMPSON, J.
Walter Apple III appeals the trial court’s denial of his motion for arrest of judgment, his 'conviction and sentence. We reverse.
Apple was charged by Information with DUI manslaughter[1] and felony DUI (three or more prior convictions)[2] stemming from a motorcycle and truck collision which occurred on March 28, 1997, and resulted in the death of Apple’s motorcycle passenger. The trial court instructed the jury on vehicular homicide[3] as a category two lesser included offense of DUI manslaughter over Apple’s objection.[4] Apple was found guilty and convicted of vehicular homicide. Apple filed a motion for arrest of judgment, relying in part on State v. Altamura, 676 So.2d 29 (Fla. 2d DCA 1996), arguing that the trial court erred by instructing the jury on vehicular homicide because the elements of that crime were not charged in the information.
In Altamura, the trial court granted the defendant’s motion in arrest of judgment for the same reason complained of here. Id. at 29-30. The Second District Court of Appeal explained that vehicular homicide “may be a category two permissive lesser included offense” of DUI manslaughter “if its elements are both alleged in the accusatory pleading and proven at trial.” Id. at 30 (emphasis added). In order to encompass vehicular homicide in the information, the information must address the “essential allegation that the vehicle was operated ‘in a reckless manner likely to cause the death of, or great bodily harm to, another person.’ ” Id. at 31. In Altamura, the information charging DUI manslaughter did not contain that allegation, thus the trial court correctly granted the defendant’s motion in arrest of judgment. Id.
Like Altamura, the information in the instant case is devoid of the essential allegation that Apple operated his motorcycle in a reckless manner likely to cause the death of, or great bodily harm to, another person.[5] As such, the elements of vehicular homicide were not established in the information charging DUI manslaughter and the trial court incorrectly instructed the jury on this lesser included charge. We recently agreed with the Second District Court of Appeal on this issue. See Wilson v. State, No. 98-3077, - So.2d -, 1999 WL 1082477 (Fla. 5th DCA Dec. 3, 1999). Accordingly, we reverse the conviction. Because this determination is dispositive, we do not reach the other points raised by Apple in his appeal.
REVERSED and REMANDED with directions to discharge Apple.
HARRIS and PETERSON, JJ., concur.

. § 316.193(3)(c)3, Fla. Stat. (1997).

. § 316.193(2)(b), Fla. Stat. (1997).

. § 782.071, Fla. Stat. (1997).

. The state’s contention that Apple waived his objection to the jury instruction on vehicular homicide, upon review of the trial transcript, is without merit.

. The pertinent count reads:
[Walter Apple] did unlawfully drive; or be in actual physical control of a motor vehi-ele, to-wit: 1994 HARLEY DAVIDSON MOTORCYCLE, within this state while under the influence of an alcoholic beverage or any substance controlled under Chapter 893 to the extent HIS normal faculties were impaired or with a blood alcohol level of 0.08 percent or higher, and by reason of such operation caused the death of another human being, to-wit: CONSTANCE HOLLY ELLIOT, in violation of Florida Statute 316.193(1) and 316.193(3)(a)(b)(c)3[.]