805 So.2d 995 (2001)
Phillip Benjamin CURTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1832.
District Court of Appeal of Florida, First District.
December 7, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Robert R. Wheeler, Assistant Attorney General, Tallahassee, for Appellee.
POLSTON, J.
The appellant challenges an order of the trial court summarily denying as untimely his motion filed pursuant to Fla. R.Crim. P. 3.850. We reject the appellant's argument *996 that the Florida Supreme Court's decision in State v. Miles, 775 So.2d 950 (Fla.2000)[1], created a change in the law that should be applied retroactively such that his motion, filed beyond the two-year limitation of Rule 3.850, should be considered timely. Accordingly, we affirm the summary denial.
Appellant's 3.850 motion pertains to the January 18, 1996 judgment entered against him, pursuant to his plea of nolo contendere, adjudicating him guilty of one count of DUI Manslaughter, two counts of DUI with serious bodily injury, and one count of DUI causing property damage.[2] The appellant argues that Miles retroactively renders his blood-alcohol tests inadmissible so that his plea was involuntary. His various claims are premised on the retroactive treatment of Miles, which we reject.
In Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001) (holding that Heggs v. State, 759 So.2d 620 (Fla.2000) should not be retroactively applied), we analyzed the exceptions to the two-year filing limitation in rule 3.850 and determined that the exceptions did not apply. As in Regan, the appellant does not argue, nor do we conclude, that the Miles decision is a newly discovered fact as that term is used in rule 3.850(b)(1), because the rule contemplates a fact in the sense of evidence, which tends to prove or disprove a material fact. Also, as in Regan, we conclude that the decision in Miles does not constitute a right of constitutional and fundamental significance under the analysis in Witt v. State, 387 So.2d 922 (Fla.1980), that requires retroactive treatment. As stated in Regan:
It is critical to distinguish the "jurisprudential upheavals" in the law that warrant retroactive application under Witt from those which, in contradistinction, are mere "evolutionary refinements." See Witt, 387 So.2d at 929-930. Examples of these refinements would be changes in the area of evidence, admissibility, or alterations of procedural rules, or a call for proportionality review of capital cases. Id. The creation of these rights, or the removal of such rights which formerly existed, does "not compel an abridgement of the finality of judgments. To allow them that impact would ... destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit." Id. Retroactivity, then, must only be afforded to those changes in the law which perform a much more significant and fundamental function than merely fine-tuning existing law, even if the change of law is constitutional in nature.
Regan, 787 So.2d at 267-68 (emphasis added).
The admissibility of blood-alcohol tests in Miles is an evolutionary refinement in the law rather than a jurisprudential upheaval that requires retroactive treatment under Witt. It is a "rare" case that meets the stringent criteria of Witt. Dixon v. State, 730 So.2d 265, 267 (Fla.1999). This is not one of those rare cases.
*997 Because the appellant's rule 3.850 motion is untimely, the trial court's denial of the motion is affirmed
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] The Court held that the State was not entitled to the presumptions of impairment associated with the implied consent statutory scheme because the applicable administrative rule did not have maintenance standards that ensured the integrity of blood test results.
[2] Appellant did not file a direct appeal. This court affirmed the trial court's denial of his previously filed 3.850 motion, and his petition for writ of habeas corpus was denied. See Curtis v. State, 737 So.2d 1080 (Fla. 1st DCA 1999); Curtis v. State, 750 So.2d 164 (Fla. 1st DCA 2000).