812 So.2d 452 (2002)
Freddie WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3784.
District Court of Appeal of Florida, Fifth District.
March 1, 2002.
Rehearing Denied April 3, 2002.
*453 Freddie Wilson, Lake Butler, Pro Se.
No Appearance for Appellee.
ORFINGER, R.B., J.
Freddie Wilson appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Wilson was convicted at trial of DUI manslaughter,[1] driving while license suspended, revoked or canceled,[2] and DUI resulting in serious bodily injury.[3] On appeal, we affirmed his convictions and the sentences imposed. See Wilson v. State, 749 So.2d 516 (Fla. 5th DCA 1999). In his rule 3.850 motion, Wilson claims:
1. Counsel was ineffective for failing to object to or challenge the admissibility of the blood evidence on the grounds that blood was properly preserve [sic] for testing and that FDLE regulations were inadequate to ensure scientific reliability; and
2. Counsel was ineffective for failing to properly object to the improper admission of the results of the blood alcohol test on the grounds that the person who performed the test was not certified as required by the implied consent statute.
The trial court denied relief, correctly finding that both grounds had been raised on direct appeal. The trial court further held the prejudice prong of the ineffective assistance of counsel test set out in Strickland[4] had not been met because there was ample evidence, other than the blood alcohol test results, to prove that Wilson was driving while impaired and caused the accident resulting in the death of one person and the serious injury to another.[5] Wilson moved for rehearing arguing that this court's opinion in Servis v. State, 802 So.2d 359 (Fla. 5th DCA 2001), which interpreted State v. Miles, 775 So.2d 950 (Fla.2000), mandates that his convictions be set aside. The trial judge denied Wilson's motion for rehearing, and this appeal followed. We affirm.
In his appeal, Wilson argues that like Servis, he is entitled to relief because the jury was improperly instructed regarding the statutory presumptions of impairment pursuant to section 316.1934(2), Florida Statutes (1997). In overturning Servis's conviction, we said:
We must vacate the judgment of guilt and sentence because the Florida Supreme Court in State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999), rev. granted 740 So.2d 529 (Fla.1999), approved in part, quashed in part, 775 So.2d 950 (Fla.2000), held that Florida Administrative Code Rule 11D-8.012 fails to adequately *454 provide for the preservation of blood samples taken for blood-alcohol analysis. Therefore, the impairment presumptions associated with the implied consent statutes are not available to the State.
Servis, 802 So.2d 359 (footnotes omitted).
We find Wilson's reliance on Miles and Servis to be misplaced. Unlike Servis, Wilson's convictions are final. Therefore, Miles and Servis help Wilson only if they are to be applied retroactively. In Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001), the First District reasoned:
It is critical to distinguish the "jurisprudential upheavals" in the law that warrant retroactive application under Witt from those which, in contradistinction, are mere "evolutionary refinements." See Witt [v. State], 387 So.2d [922,] at 929-930 [Fla.1980]. Examples of these refinements would be changes in the area of evidence, admissibility, or alterations of procedural rules, or a call for proportionality review of capital cases. Id. The creation of these types of rights, or the removal of such rights which formerly existed, does "not compel an abridgement of the finality of judgments. To allow them that impact would ... destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit." Id. Retroactivity, then, must only be afforded to those changes in the law which perform a much more significant and fundamental function than merely fine-tuning existing law, even if the change of law is constitutional in nature.
Id. at 267-68.
Based on this reasoning, the First District held in Curtis v. State, 805 So.2d 995 (Fla. 1st DCA 2001):
The admissibility of blood-alcohol tests in Miles is an evolutionary refinement in the law rather than a jurisprudential upheaval that requires retroactive treatment under Witt. It is a "rare" case that meets the stringent criteria of Witt. Dixon v. State, 730 So.2d 265, 267 (Fla.1999). This is not one of those rare cases.
Id., 805 So.2d at 995.
We agree with the First District Court of Appeal that Miles has no retroactive application.
AFFIRMED.
THOMPSON, C.J., and COBB, J., concur.
NOTES
[1] § 316.193(3)(c)3., Fla. Stat. (1997).
[2] § 322.34(1), Fla. Stat. (1997).
[3] § 316.193(3)(c)2., Fla. Stat. (1997).
[4] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[5] The facts of the underlying case can be found in this court's original opinion. Wilson v. State, 749 So.2d 516 (Fla. 5th DCA 1999).