SALCINES, Judge.
Gregory Gilreath files this belated appeal from the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In 1999, Gilreath pleaded no contest to several offenses arising out of a DUI with serious personal injury which occurred in 1997. He appealed and this court entered a per curiam affirmance. Gilreath v. State, 763 So.2d 325 (Fla. 2d DCA 2000). Subsequently, Gilreath filed a motion to withdraw his plea which was denied; he appealed; and this court again entered a per curiam affirmance. Gilreath v. State, 792 So.2d 457 (Fla. 2d DCA 2001). On January 23, 2001, Gilreath filed a motion for postconviction relief which was granted in part and denied in part. Apparently, Gilreath did not appeal that matter. However, Gilreath filed another motion for postconviction relief which was denied; he appealed; this court granted a belated appeal; and this court entered a per curiam affirmance. Gilreath v. State, 826 So.2d 296 (Fla. 2d DCA 2002).
On January 1, 2002, Gilreath filed yet another motion for postconviction relief which was summarily denied on January 18, 2002. This court granted Gilreath a belated appeal and Gilreath filed his appeal in the present matter.
In the motion which is the subject of this appeal, Gilreath argued that as a result of a defect in chapter 11D-8.012 of the Florida Administrative Code, and the mishandling of his blood sample, his test result of .15 was fatally defective. He based his contentions on State v. Miles, 775 So.2d 950 (Fla.2000). Gilreath claimed that, under the facts of this case, the State would not have had the benefit of the presumption of impairment. He asserted that if he had known this, he would have proceeded to trial. He maintained that his no contest plea was based on a material mistake of law and was not knowingly and voluntarily entered as a result.
The trial court properly summarily denied the motion for postconviction relief because the files and records conclusively demonstrated that Gilreath was not entitled to relief. Because Gilreath’s convic *190 tions were final, he could only benefit from a major decisional change in the law which would be applied retroactively. See Wilson v. State, 812 So.2d 452 (Fla. 5th DCA 2002). The case Gilreath relied upon, Miles, 775 So.2d 950, espouses a mere evolutionary refinement in the law and is not to be applied retroactively. See Curtis v. State, 805 So.2d 995 (Fla. 1st DCA 2001). Thus, Gilreath was not entitled to postconviction relief on the ground he presented.
Affirmed.
ALTENBERND, C.J., and STRINGER, J., Concur.